Pearson, J.
 

 The sheriff held several executions against John Hooks and others : one against John Hooks alone, and one against John Hooks and Woodard. The deed recites all of these executions: a levy upon “the defendant’s lots at Nahunta Depot,” a sale, and thereupon conveys “the lots levied on” to the lessor.
 
 The
 
 question is, does this deed vest the title of the lots sued for, in the lessor? We think the description too vague and uncertain, and therefore, the deed passes nothing.
 

 The execution against John Hooks and Woodard, was not levied on the lots, and has no bearing on the case.
 

 “The defendant’s lots at Nahunta Depot” is the description ; what it means, or whether it conveys any definite idea, was a question for the Court, and ought not to have been left to the jury. It has no definite meaning. If we suppose it means lots belonging to all of the defendants, there is no subject to fit it! If we suppose it means lots belonging to John Hooks, one of the defendants, still there is no subject to fit it: for, although John Hooks lived on the lots sued for, and they might have been described as “the lots on which John Hooks now lives,” yet they do not answer the description supposed, for in fact they did not belong to him, as be had, some two years before, conveyed them to Woodard. The description is unmeaning, and the Court should so have instructed the jury.
 

 This defence does not at all impugn the rule, that William Hooks, defending as landlord, could only make such
 
 *377
 
 defence as was open to the tenant; because he was at liberty to say to the purchaser at the sheriff's sale, ‘“Your deed does not cover the land.”
 

 Pek Curiam. Judgment reversed and
 
 venire de
 
 novot