Following the decision of this Court in Vance v. Pritchard, 213 N.C. 552,197 S.E. 182, the plaintiff submitted to a voluntary nonsuit and subsequently instituted this action against Benjamin Pritchard and wife, and Senia Pritchard, widow of John Pritchard. Pleadings were filed wherein plaintiff alleged title to the mineral rights in a tract of 2,180 acres of land, and alleged that the defendants were wrongfully claiming and mining the minerals under a portion of said land. The defendant Benjamin Pritchard answered, denying plaintiff's title and alleging title in himself to the land and minerals contained in three small tracts of 25.9, 261/2 and 16 acres, respectively.
Thereafter the plaintiff caused to be served on fifty-six persons, not parties to the suit, notice of motion for a court survey of the 2,180 acres, the mineral rights in which are claimed by him in his complaint in this action. A substantial number of these persons, entering special appearance for that purpose, opposed the granting of an order for a survey of this land. The court below, upon the affidavits presented, found the facts, and thereupon entered order denying plaintiff's motion, as follows:
"1. This is an action in ejectment in which the plaintiff alleges ownership of the minerals and mineral rights, together with rights of ingress, egress, and regress, in respect of the tract of 2,180 acres described in the complaint, and further alleges that the defendants are wrongfully mining certain portions of said 2,180 acres and are trespassers.
"2. The defendants, after denying plaintiff's alleged ownership in respect of said 2,180 acres, allege their ownership of three tracts of twenty-five and nine-tenths (25.9) acres, twenty-six and one-half (261/2) acres, and sixteen and five-eighths (165/8) acres, respectively, particularly described in their answer.
"3. In a former action by this plaintiff against these defendants, tried in the Superior Court of Avery County and heard in the Supreme Court of North Carolina, upon appeal, and decided as reported in Vance v. Pritchard,213 N.C. 552, subsequent to which decision a judgment of voluntary nonsuit was entered in the Superior Court of Avery County, surveys and maps were made of the boundaries of each of the three *Page 275 
tracts particularly described in the defendants' answer herein and these surveys and maps are now available for use by the plaintiff. (Findings of fact set forth in this paragraph three are based on admissions of counsel in open court during the argument.)
"4. No boundary line as between lands of the plaintiff and lands of the defendants is drawn in dispute by the pleadings herein and this action is not for the purpose of establishing any boundary line as between lands of the plaintiff and lands of the defendants herein.
"5. The purpose of the survey for which the plaintiff applies for an order of survey in this cause is to locate all or certain of the lines and boundaries of the 2,180-acre tract and the immediate purpose, so far as this action is concerned, is the obtaining of such survey and the data to be obtained therefrom for use or possible use as evidence upon the trial of this action.
"6. There exists reasonable ground for the belief on the part of the plaintiff that the three tracts particularly described in the answer are within the boundaries of the 2,180-acre tract.
"7. The plaintiff up to now has been unable to locate a survey or surveys or a witness or witnesses by which or by whom the plaintiff can prove the location of all of the boundary lines of the 2,180-acre tract. The plaintiff has made diligent efforts to locate such survey or witness but without success up to now.
"8. The plaintiff must locate the lines and boundaries of the 2,180-acre tract in order to maintain this action and to do so must locate a survey or surveys already made or a witness or witnesses having knowledge of the lines and boundaries or have made now a survey of certain of the lines and boundaries of the 2,180-acre tract.
"9. The three tracts particularly described in the answer, if located within the 2,180-acre tract at all, constitute a very small portion of said boundary; a large number of persons, who are not parties to this action, own lands or interests in land within the 2,180-acre tract and just outside the 2,180-acre tract, and said persons have interests and rights with reference to the making of any survey of said 2,180-acre tract and will be affected by the entry of a surveyor upon lands necessary to be entered for the purpose of making such survey.
"10. A large number of persons have been notified of the plaintiff's motion that an order of survey be entered in this cause in accordance with the notice appearing in the record. A substantial number of such persons, to wit: twenty-seven (27) under a special appearance, through their counsel of record, have protested the making of such order of survey in this cause.
"11. No person, so far as the record herein discloses, has obstructed or otherwise interfered with any effort on the part of the plaintiff to have made a private survey of the 2,180-acre tract. *Page 276 
And the court being of the opinion that it is not necessary or proper to make an order in this cause for a survey of all or certain of the boundary lines of the 2,180-acre tract, which would or might prejudice or affect a large number of persons who are not parties hereto or involved in the controversy herein, and being further of the opinion that the plaintiff by procedure other than by order herein can establish the boundaries of said 2,180-acre tract or of the lands owned by the plaintiff, and being further of the opinion that any order of survey made by the court herein would not be legally binding on persons not parties to this action but would in appearance and form pretend to clothe the surveyor named in such order with rights of ingress, egress and regress upon and through their lands and to such extent would or might prejudice or affect their rights.
"Accordingly, it is now ordered, adjudged, and decreed that the plaintiff's motion for order of survey herein be, and it is hereby, denied."
From the order denying his motion for survey, plaintiff appealed.
The question presented by this appeal is whether, upon the facts found by the judge below, the plaintiff was entitled as a matter of law to the order of survey of plaintiff's land as prayed.
Under the circumstances of this case, as they appear from the record, and the findings of the court, we are not inclined to hold for error the denial of plaintiff's motion. The ruling complained of was made pursuant to the opinion of the court below, based upon the facts found, that it was not necessary or proper to order a court survey of the boundaries of plaintiff's 2,180 acres of land.
It is provided in C. S., 364, that, "When in any suit pending in the Superior Court the boundaries of land are drawn in question, the court may, if deemed necessary, order a survey of the land in dispute, agreeable to the boundaries and lines expressed in each party's title." The statute further provides that for such surveys the court shall make proper allowance to the surveyor or surveyors to be taxed among the costs of the suit. The statute vests in the court a sound discretion within the limits defined.
It appears here that plaintiff desires a court survey of 2,180 acres of mountain land, affecting the rights of a large number of persons and landowners who are not parties to the action, for the purpose of providing evidence to establish his title and to show that defendant's three small tracts of land aggregating 69 acres are embraced within the boundaries *Page 277 
of plaintiff's deed. The case, as it is now constituted, does not appear to involve the location of boundary lines between the lands of the plaintiff and defendants.
The ruling of the court below does not prevent plaintiff from having a survey made, and obtaining the evidence which he is informed can be made available thereby.
Judgment affirmed.