## A. A. STEWART and others *v.* T. K. SALMONDS, F. P. ALEXAN-DER, and another.*

Twenty-five acres of the north side of a tract of land, containing one hundred and twenty-nine acres, of an irregular figure, and bounded by eight lines, all straight, and with definite courses and distances, can be ascertained and cut off with mathematical precision.

*NOTE.—Justice BY UM, having been of counsel in this case in the court below, did not sit, on the argument and decision thereof in this court.

This was a CIVIL ACTION in the nature of a Bill in Equity for the specific performance of a contract, tried before *Schenck J.* at Fall Term, 1875, of the Superior Court of MECKLENBURG county.

A single question is involved in the decision of the case in this court, which is fully stated in the opinion of Chief Justice PEARSON. It is therefore deemed unnecessary to state the facts set out in the voluminous record sent to this court upon appeal.

A portion of the relief demanded in the complaint was the partition of a tract of land, in pursuance of the following award of certain arbitrators to whom the matter had been submitted for adjustment :

" NORTH CAROLINA,　　}
　　MECKLENBURG COUNTY.　} August 23d, 1871.

We the undersigned subscribers having been called upon to settle or arbitrate a matter in controversy between Thomas Salmond and Archy Stewart, relating to the division of the Reid lands, formerly belonging to the estate of Joseph Reid dec'd., and having examined all the evidence laid before us, have decided that said Archy Stewart is to have one hundred acres of land including the buildings in which he lives, in consideration of the money he has paid, provided he pays one-third of the bill of costs in the Clerk's office ; and his lot of land is to stand bound for the costs, and Thomas Salmonds is to have the remainder of the land to pay the balance of the money due against the land, with two-thirds of the bill of costs, and make a good and sufficient title to the heirs of William Ross, dec'd., for fifty-five acres of land ; the Deacons of Sharon Church, a title to five acres of said land, provided the said Archy Stewart holds his one hundred acres in the plat made by William Parks, and twenty-nine acres to be cut off the North end of it, to be designated by Dr. Walkup and Barnett McKee. Given under our hands and seals, *Provided,*

That this settlement is not to interfere with the present crop upon the land.

Signed, &c.

In response to the issues submitted to them the jury found :

I. That the referees did make the award as set out in the complaint.

II. That said award was not read over to the defendant Salmonds and the plaintiff Stewart.

III. That the said award was signed and approved by the defendant Salmonds in person.

IV. That said award was signed by J. B. Stewart acting for and in behalf of A. A. Stewart.

Upon the rendition of the verdict the plaintiff moved for a judgment of specific performance upon the award. The motion was resisted, among other grounds for the reason that the award, was uncertain and that the court could not compel the two arbitrators to perform the act required of them, to wit : to designate the twenty-nine acres of land mentioned in said award. The defendant then moved the court for an account to be taken between the parties and the land sold for partition.

The court overruled the motion for judgment of specific performance, and rendered judgment for an account and the cause was retained for further directions.

From this judgment the plaintiff appealed.

*Wilson & Son*, for the appellants.
*Jones & Johnston*, contra.

PEARSON, C. J. We have in this case, a tract of land containing 129 acres, of an irregular figure, bounded by eight lines, all straight, and with definite courses and distances. In order to make partition, it is referred to arbitrators, who awarded to the plaintiff " 29 acres to be cut off of the north end of it."

His Honor held that this award was void for uncertainty. In this there is error. The question is, can *the* 29 *acres* be identified by the rules of mathematics, so that the " cutting off of the 29 acres" will involve no discretion, but be a mere ministerial act ? " *Id certum est, quod certum reddi potest.*" We think the 29 acres can be indentified by a mere ministerial act, and nothing is left by the award dependent on discretion. Awards are construed liberally, " *ut res magis valeat quam pereat.*" It is certain, that in order to cut off 29 acres of the *north end of the tract,* it must be done by an " east and west line," for if the line dips to the north at one end, and to the south at the other, then so much land south of an east and west line, as is included, is not a " part of the north end of the tract," and so much land north of an east and west line, as is excluded, is a part of the north end of the tract.

The next question is, can the 29 acres be indentified by scientific principles, without resort to discretion ?

Suppose a tract of land in form a parallelogram, lines north and south, east and west, containing one hundred acres. Can twenty-five acres be cut off at the north end without room for discretion ? Certainly. All that is to be done—begin at the north corner, measure off one fourth the length of the line running south, and then run an east and west line, and you have 25 acres cut off of the north end. It is done by a rule of arithmetic, in my school days called " the single rule of three," " as 100 acres is to 25, so is the whole length of the line to the line sought for," to-wit, one fourth. If 29 acres are to be cut off, apply " the single rule of three," as 100 acres is to 29, so is the whole length of the line to the line sought, and by an east and west line from that point, you have the 29 acres cut off from the north end.

In our case, the figure of the tract being irregular, the " single rule of three " will not serve the purpose, and you may have to resort to " the double rule of three," or differential calculus or fluxions, but although (having become rusty

in my college erudition), I cannot state the rule, there can be no doubt that science gives a rule by which the 29 acres may be identified with mathematical certainty.

Any competent surveyor can do it by running an experimental line on the platt; strike a line East and West, calculate the number of acres North of the line—if over 29 acres move the line to the North, if less than 29 acres move the line to the South until you take in exactly 29 acres, then go into the field and with compass and chain, and by means of the experimental lines, find the east and west line, that will cut off 29 acres and make it. This would be a rude way of doing the thing, and men of science would smile at it, because they have a more certain rule, but still, by it the 29 acres may be identified with sufficient certainty for all practical purposes.

Judgment reversed, and judgment that plaintiff have a decree for specific performance.

Per Curiam.                            Judgment accordingly.