W. L. CHURCHILL v. THE BROOKLYN LIFE INSURANCE CO.

## *Certiorari—Undertaking on Appeal.*

Providing an undertaking on appeal is not a professional duty which an attorney owes to his client, and an assumed agency of counsel to see that this is done, is the same as if the agent was not a professional man, and his neglect is the neglect of the principal, so far as losing the right to appeal is concerned.

(*Churchill* v. *Ins Co.*, 88 N. C., 205; *Winborne* v. *Byrd, ante,* 7, cited and approved).

MOTION by the defendant for a *certiorari* as a substitute for an appeal, heard at FEBRUARY TERM, 1885, of the Supreme Court.

The facts appear in the opinion.

*Messrs. Battle & Mordecai,* for the plaintiff.

*Messrs. George V. Strong, Walter Clark* and *E. C. Smith,* for the defendant.

SMITH, C. J.  In this action the plaintiff, at Fall Term, 1882, of the Superior Court of Greene, recovered judgment against the defendant company by default, for want of an answer, for the full amount of his demand, which judgment was afterwards modified in form and made interlocutory, subject to an inquiry of damages before the jury, which ruling was affirmed on appeal to this court. *Churchill* v. *Ins. Co.,* 88 N. C., 205.

At a subsequent term the damages were assessed, and from the judgment rendered therefor the defendant entered an appeal to this court, the amount of the undertaking was fixed at fifty dollars, and thirty days by consent allowed in which to perfect the same. The term elapsed without this being done, and the appeal being lost, the defendant now applies for a writ of *certiorari,* as a substitute for the appeal, to bring up the record in order that the errors assigned may be heard and decided.

The affidavit, in support of the petition, sets out the following facts:

1. The defendant had in its employment in this State a regular attorney to manage its legal business, with whom it corresponded, who, not practicing in Greene county, committed the company's defence to the action to George V. Strong, Esq., and he undertook its management.

2. The latter ceasing to attend the court of that county, placed the case in the hands of a third attorney who did attend there, and acted under the said Strong, the affiant.

Affiant at the time of the rendition of the judgment and for some time afterwards was absent from his home on account of ill

health, a fact unknown to the attorney who conducted the defence, whose residence was in a distant county and at a place with which mail communications were slow and irregular, in consequence of which, advice of the result only reached affiant after considerable delay, while the regularly employed attorney of the company was also absent from his home in attendance upon his sick wife.

When the latter was informed of the result of the trial, he directed affiant to fill out an undertaking on appeal and transmit to the defendant at Brooklyn in New York, in order that it might obtain some sufficient security in this State, and send it, when properly executed, to the clerk of the Superior Court wherein the judgment was.

This was done by affiant, but before the undertaking was perfected, the limited period for filing it expired. There is a meritorious defence to the action and the appeal is for the correction of error in the ruling.

In a counter-affidavit the plaintiff's attorney, W. C. Munroe, states among other things that, on the 19th day of August next after the rendition of the judgment in July, he received a letter from G. V. Strong, who alone has taken an active part in the cause, asking for an extension of time, and thinking that the ten days remaining was sufficient in which to prepare and file the undertaking or make the deposit in money instead, declined to give his consent to a further delay and so wrote to him.

We do not find in these facts any ground for the interposition of the court, nor any sufficient legal excuse for the failure to give the bond, or make the deposit required. "In a multitude of counselors there is safety," is a proverb which was not found profitable in the present case, for the delay to provide the undertaking is in large measure attributed to a divided and misunderstood responsibility among those employed. But whatever the cause, the time was extended, and that it was permitted to pass, ought not to be allowed to deprive the plaintiff of his legal rights in the premises.

Nor can we recognize the distinction attempted to be drawn between the neglect of defendant and the neglect of counsel in the failure to do what was necessary to perfect the appeal. Providing security is not a professional duty, and an assumed agency of counsel to see that this is done, is the same as if the agent were some other person, and his neglect is the neglect of the principal in its relation to others. So it is held in *Winborne* v. *Byrd*, *ante*, page 7, decided at the present term. The applications for the writ now asked for as a remedy for a lost appeal have been so numerous, and the rule under which the court acts so fully explained in recent adjudications as to require no re-statement of it, and we must refuse the petition at defendant's costs, and this without regard to the merits of the defence sought to be reviewed.

　　　　　　　　　　　　　　　Motion refused.