W. C. OXFORD v. JAMES A. WHITE.

*Deed—Description.*

1. If the description in a deed, however indefinite, is sufficient to allow of an identification by an actual survey, it will be upheld. *Id certum est, quod certum reddi potest.*

2. The following description was held not so vague and indefinite as to render the deed void: "One half—one hundred and fifty acres—of a three hundred acre tract granted to R. in 1872, (describing the three hundred acre tract), and lying on the north side or end of said grant, beginning at the three black oaks of the old grant as aforesaid and running 127 ft. w. to a stake thence southward in slightly diverging lines from aforesaid black oaks and stake to points along the respective lines, where a line east and west parallel with the south (east and west line) of the old grant aforesaid shall contain, within the lines and distances aforesaid, one hundred and fifty acres."

(*Stewart* v. *Salmonds*, 74 N. C., 518, cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* at June Term, 1886, of ALEXANDER Superior Court, upon complaint and demurrer.

The plaintiff brought this action to recover the land described in the complaint, the parts of which, material to be set forth here, are as follows:

The plaintiffs allege:

1. That they are owners in fee simple, and entitled to the immediate possession of the following tract of land in Alex-

ander county, to-wit: one half of a three hundred acre tract granted by the State to Henry Reid in 1872—that is to say, the one-half of said tract, to-wit: one hundred and fifty acres, embracing the home place of the late Samuel Reid, and lying on the north side or end of the aforesaid grant, said grant being bounded as follows: a tract of three hundred acres, lying on the north fork of Middle Little River, beginning on three black oaks and runs south 20° east 120 poles to the river, crossing the same course 64 poles to a post oak along Henry and James Reid's line, thence 51 poles east to a post oak, thence south 80 poles to the river, crossing the same 6 poles to a post oak, thence west 237 poles to a post oak, thence north 261 poles to a stake, thence east 127 poles to the beginning.

2. That said one hundred and fifty acres claimed by plaintiffs is embraced as nearly as can now be stated, by beginning at the three black oaks of the old grant as aforesaid, and running 127 poles west to a stake, thence southward, in slightly diverging lines from the aforesaid black oak and stakes to points along the respective lines where a line east and west parallel with the south (east and west line) of the old grant aforesaid—shall contain within the lines and distances aforesaid one hundred and fifty acres.

The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, the plaintiff having declared in the second section of the complaint for the recovery of a tract of land, and the description therein set forth being void for uncertainty, and such as would render a conveyance containing it void.

The Court sustained the demurrer, and plaintiff appealed.

*Mr. M. L. McCorkle*, for the plaintiff.
*No counsel*, for the defendant.

MERRIMON, J. It must be conceded that the description of the land in the complaint is very indefinite and uncertain

in its terms, but we think it may be rendered certain by an accurate survey, and that the plaintiffs are entitled to the benefit of the maxim, *id certum est, quod certum reddi potest.* If the *data* or *indicia* specified, however indefinite, are sufficient to enable the surveyor to ascertain the particular land referred to, that is sufficient.

The three hundred acres of land granted to Henry Reid in 1872 are sufficiently described and located, and this is important. The land in question is one half of that tract, or "one hundred and fifty acres (of it), embracing the home place of the late Samuel Reid, and lying on the *north side or end* of the aforesaid grant," and its lines begin "at the three black oaks (these are the beginning corner of the grant named) of the old grant as aforesaid, and runs one hundred and twenty-seven poles west to a stake, (this is with the north line of the grant), thence southward in slightly diverging lines from the aforesaid black oaks and stake to *points* along the respective line, (that is with the lines of the grant north and south in the east and west side of the land granted), *then a line east and west, parallel* with the south, (east and west line), of the old grant aforesaid, so as to give and embrace within the lines thus described and to be ascertained, one hundred and fifty acres." That is, to state it differently, the north line of the grant named, is the north line of the plaintiff's land, the east and west lines of the grant running south from its north line, are the lines of the plaintiff's land to the points intersected by the plaintiff's south line, which is parallel with the north line, lying far enough south to embrace one hundred and fifty acres in his tract, situate on the "north side or end of the aforesaid grant." The *data* given, though not very intelligently expressed, will enable an expert surveyor to locate the south line of the plaintiff's land and ascertain its exact boundary.

There is, in fact, certainty in the description of the land given, though not clearly seen.

The law, however, sees and upholds that certainty, and will make it manifest by a proper survey to be made under the order of the Court.

This case is much like that of *Stewart* v. *Salmonds*, 74 N. C., 518; in which this Court held that "twenty-nine acres to be cut off the north side of a tract of land designated, could be ascertained with mathematical precision, and decreed a specific performance of an award."

There is error. The judgment sustaining the demurrer must be reversed, and further proceedings had in the action according to law. To that end, let this opinion be certified to the Superior Court.

*It is so ordered.*