In this action the plaintiffs at January Term, 1894, of FRANKLIN, obtained judgment against the defendant for the recovery of a tract of land, from which judgment the defendant gave notice of appeal to this Court. The appeal was not perfected, and the defendant in apt time applied for a certiorari as a substitute for the appeal, to bring the record up, that the errors therein assigned might be examined into by this Court. The affidavit in support of the petition sets out the following facts: (127)
I. That the affiant and N.Y. Gulley, Esq., as associate counsel, represented the defendant in the trial of the cause in the court below.
II. That the defendant gave notice of appeal through his said counsel and had an entry made on the minutes of "time allowed to file bond and prepare case on appeal."
III. That before the appeal had been perfected and before the time allowed had passed, the affiant (W. M. Person) was taken sick and was for some time too unwell to attend to the duties of his office.
IV. That by agreement between himself and his associate counsel, N.Y. Gulley, the affiant was to attend to this matter, the said Gulley being engaged for a great portion of his time in work outside of the county; and that under these circumstances, through the misfortune and sickness of his counsel, the defendant lost his right of appeal.
V. That the defendant fully intended to perfect his appeal and so instructed his counsel, and the failure to do so was due to no negligence of the defendant, but to the cause set forth.
An answer to the petition was filed by plaintiff, and in the affidavit of Messrs. E. W. Timberlake and F. S. Spruill, used in support of it, the following statements appear: *Page 72 
1. That when the defendant excepted and gave notice of appeal to the Supreme Court, notice was waived, bond fixed at $25, and twenty days given to serve statement of case and perfect appeal.
2. That to these affiants' best knowledge and recollection Mr. Person did not absent himself from his office during the twenty days allowed for perfecting his appeal and that his associate, N.Y. Gulley, was well and strong, mentally and physically, during the entire period.
3. That a partial and incomplete statement of the case on (128) appeal was made out and filed in the office of the clerk of the Superior Court, but the same was never served on the plaintiffs or their attorneys, and this was done several months after the trial was held, and that no appeal bond accompanied these proceedings.
We do not find from the foregoing facts any ground for the interposition of this Court, nor any sufficient legal excuse for the failure of the defendant to perfect his appeal. The giving of the appeal bond is not one of the duties of an attorney, and when an attorney assumes this duty he does it as agent, and his neglect is that of the principal. Churchill v.Ins. Co., 92 N.C. 485. The agreement between the two attorneys in this case that Mr. Person should attend to this appeal was a matter personal between them. In law both were compelled to give the appeal their attention, and leaving out of consideration Mr. Person's sickness, his associate, Mr. Gulley, was in perfect health the whole time allowed for perfecting the appeal. The motion for a certiorari is denied.
The following proceedings were had in another branch of this case: Notice of a motion was given to the plaintiff on 9 May, 1894, that the defendant would move before Bynum, J., holding the courts of the Third Judicial District, at Henderson, on 21 May, 1894, or as soon thereafter as practicable, for an order "suspending the execution of said judgment in the court below and to allow the defendant pay for the improvements made by him on the tract of land in controversy, the amount to be ascertained by a jury." At the hearing the defendant filed his petition and affidavits, and that portion of them deemed necessary for the settlement of this case is as follows:
1. That in the trial of the case the defendant set up no claim for betterments or taxes paid, although he had been in the possession of (129) the land for many years and had made improvements enhancing its value, and paid a considerable sum in the shape of taxes upon it; and that the said judgment had not been executed. Wherefore, the petitioner prayed for an order staying the execution on said judgment and for the clerk of the Superior Court of Franklin County to place this cause on the civil issue docket in order that the question of damages and improvements might be passed upon by a jury. It appears that on the *Page 73 
hearing before Battle, J., a writ of possession and execution, regular in all respects, was issued by the clerk of the Superior Court of Franklin County to the sheriff of said county. The sheriff of Franklin County returned said writ into the clerk's office on 15 March, 1894, with the following indorsement on it:
MRS. S. H. BROWER ET AL. } against } WRIT OF POSSESSION AND EXECUTION. A. GARNER. }
Received 27 February, 1894. H. C. Kearney, Sheriff. Writ of possession executed 15 March, 1894, by putting the defendant C. A. Garner out of possession of the land described in the within writ of possession, and delivering the said possession by direction of the plaintiffs to H. R. Perry as agent of the plaintiffs. H. C. KEARNEY, Sheriff.
The $125 damages awarded by the jury in the trial of the original action had not been paid when the notice of betterment was given. The question for our determination is whether the said judgment had been executed by the sheriff of Franklin County before notice for the motion for betterments was given to the plaintiff. The return of the sheriff states that on 15 March, 1894, he put the defendant out of possession of the land and delivered possession of the land to the agent of the plaintiff. The notice of the motion for betterments was given nearly a month later. Section 473 of The Code declares, "That any defendant against whom a judgment shall be rendered for land may at any (130) time before the execution of said judgment, present a petition to the court rendering the same, stating that he, or those under whom he claims, while holding the premises under a color of title believed by him, or them, to be good, have made permanent improvements thereon, and praying that he may be allowed for the same over and above the value of the use and occupation of such land; and thereupon the court may, if satisfied of the probable truth of the allegations, suspend the execution of such judgment and impanel a jury to assess the damages of the plaintiff and the allowance to the defendant for such improvements." We think that the sheriff's return of the writ with the indorsement thereon was such an execution of the judgment as is contemplated by the said section of The Code. If not so, judgment might be had for land and for damages greater in amount than the defendant could pay, and though the plaintiff may have been put into possession of the land, yet so long as the damages might remain unpaid, the claim for betterments would still subsist, and if allowed would be a lien on the land, though *Page 74 
the same might belong to a purchaser for value and without notice.
There is no error in the ruling of his Honor and the judgment is
Affirmed.
Cited: Ice Co. v. R. R., 125 N.C. 22; Luton v. Badham, 127 N.C. 109.
(131)