S. H. BOYER et al v. C. A. GARNER.

*Practice—Certiorari—Perfecting Appeal—Negligence of Counsel Imputable to Client—Execution of Judgment in Action for Recovery of Land—Claim for Betterments.*

1. Where, upon an appeal being taken from a judgment, an entry was made upon the docket allowing time to file bond and prepare case on appeal, and it was understood between the two attorneys for the appellant that one of them should attend to the matter, and he neglected on account of sickness to file the bond and prepare and serve the case on appeal : *Held*, that no grounds exist for a *certiorari.*

2. The giving of an appeal bond is no part of the duties of an attorney ; if the attorney assumes the duty he does so as agent of the appellant, who is answerable for the negligence of his attorney.

3. An agreement between the counsel for a party that one of them should perform duties incumbent upon them both equally is a matter personal between them, and a failure to discharge the assigned duty is negligence in both for which their client is answerable.

BOYER *v.* GARNER.

4. When the defendant in the trial of an action for the recovery of land sets up no claim for betterments made or taxes paid, and judgment is rendered against him for possession and damages for detention, his petition (under Sec. 473 of *The Code*) to be allowed betterments, etc., must be made before the judgment is executed.

5. Where a writ of possession on a judgment in an action at law is executed by placing the defendant out of and the plaintiff into possession, the judgment is executed within the meaning of Section 473 of *The Code*, notwithstanding the judgment for the damages received in said action is not satisfied.

MOTION, heard upon notice and affidavits, before His Honor, *Battle, J.*, holding the Court of the Third District, by exchange with *Bynum, J., at Chambers*, in HENDERSON, Vance County, on 21st May, 1894, in which the defendant against whom judgment had been rendered in an action to recover land, tried at January Term, 1894, of FRANKLIN Superior Court, petitioned to be allowed betterments, etc., not having set up the claim on the trial. The motion was not allowed and defendant appealed. In this Court a *certiorari* was applied for upon the grounds fully stated in the opinion of Associate Justice MONTGOMERY.

*Mr. F. S. Spruill*, for plaintiff, specially on motion for *certiorari*.

*Mr. N. Y. Gulley*, for defendant (appellant).

MONTGOMERY, J.: In this action the plaintiffs, at January Term, 1894, of FRANKLIN Superior Court, obtained judgment against the defendant for the recovery of a tract of land, from which judgment the defendant gave notice of appeal to this Court. The appeal was not perfected and the defendant in apt time applied for a *certiorari* as a substitute for the appeal, to bring the record up that the errors therein assigned might be examined into by this

Court. The affidavit in support of the petition sets out the following facts:

I. That the affiant and N. Y. Gulley, Esq., as associate counsel, represented the defendant in the trial of the cause in the Court below.

II. That the defendant gave notice of appeal through his said counsel and had an entry made on the minutes of "time allowed to file bond and prepare case on appeal."

III. That before the ·appeal had been perfected and before the time allowed had passed, the affiant (W. M. Person) was taken sick and was for some time too unwell to attend to the duties of his office.

IV. That by agreement between himself and his associate counsel, N. Y. Gulley, the affiant was to attend to this matter, the said Gulley being engaged for a great portion of his time in work outside of the county; and that under these circumstances, through the misfortune and sickness of his counsel the defendant lost his right of appeal.

V. That the defendant fully intended to perfect his appeal and so instructed his counsel and the failure to do so was due to no negligence of the defendant, but to the cause set forth.

An answer to the petition was filed by plaintiff, and in the affidavit of Messrs. E. W. Timberlake and F. S. Spruill, used in support of it, the following statements appear:

1. That when the defendant excepted and gave notice of appeal to the Supreme Court, notice was waived, bond fixed at $25, and twenty days given to serve statement of case and perfect appeal.

2. That to these affiants' best knowledge and recollection Mr. Person did not absent himself from his office during the twenty days allowed for perfecting his appeal and that his associate, N. Y. Gulley, was well and strong, mentally and physically, during the entire period.

3. That a partial and incomplete statement of the case on appeal was made out and filed in the office of the Clerk of the Superior Court, but the same was never served on the plaintiffs or their attorneys, and this was done several months after the trial was held, and that no appeal bond accompanied these proceedings.

We do not find from the foregoing facts any ground for the interposition of this Court, nor any sufficient legal excuse for the failure of the defendant to perfect his appeal. The giving of the appeal bond is not one of the duties of an attorney and when an attorney assumes this duty he does it as agent, and his neglect is that of the principal. 92 N. C., 485. The agreement between the two attorneys in this case that Mr. Person should attend to this appeal was a matter personal between them. In law both were compelled to give the appeal their attention, and leaving out of consideration Mr. Person's sickness, his associate, Mr. Gulley, was in perfect health the whole time allowed for perfecting the appeal. The motion for a *certiorari* is denied.

The following proceedings were had in another branch of this case. Notice of a motion was given to the plaintiff on the 9th of May, 1894, that the defendant would move before *Hon. John G. Bynum, Judge* holding the Courts of the Third Judicial District, at Henderson, on the 21st day of May, 1894, or as soon thereafter as practicable, for an order " suspending the execution of said judgment in the Court below and to allow the defendant pay for the improvements made by him on the tract of land in controversy, the amount to be ascertained by a jury." At the hearing the defendant filed his petition and affidavits and that portion of them deemed necessary for the settlement of this case is as follows :

1. That in the trial of the case the defendant set up no claim for betterments or taxes paid, although he had been

in the possession of the land for many years and had made
improvements enhancing its value, and paid a considerable
sum in the shape of taxes upon it; and that the said judg-
ment had not been executed.   Wherefore, the petitioner
prayed for an order staying the execution on said judgment
and for the clerk of the Superior Court of Franklin county
to place this cause on the civil issue docket in order that
the question of damages and improvements might be passed
upon by a jury.   It appears that, on the hearing of the case
before *Judge Battle*, a writ of possession and execution,
regular in all respects, was issued by the clerk of the
Superior Court of Franklin county to the Sheriff of said
county.   The Sheriff of Franklin county returned said
writ into the Clerk's office on March 15th, 1894, with the
following endorsement on it:

. MRS. S. H. BOYER, et. al,
            v.                  } Writ of Possession and Exe-
    C. A. GARNER.                       cution.
    Received 27th February, 1894.   H. C. Kearney, Sheriff.
Writ of possession executed March 15, 1894, by putting the
defendant C. A. Garner out of the possession of the land
described in the within writ of possession, and delivering
the said possession by direction of the plaintiffs to H. R.
Perry, as agent of the plaintiffs.   H. C. KEARNEY, Sheriff.

The $125 damages awarded by the jury in the trial of
the original action had not been paid when the notice of
betterment was given.   The question for our determination
is whether the said judgment had been executed by the
Sheriff of Franklin County before notice for the motion for
betterments was given to the plaintiff.   The return of the
Sheriff states that on March 15, 1894, he put the defendant
out of possession of the land and delivered possession of the
land to the agent of the plaintiff.   The notice of the
motion for betterments was given nearly a month later.

116—9

BOYER *v.* GARNER.

Section 473 of *The Code* declares "That any defendant against whom a judgment shall be rendered for *land* may at any time before the execution of such judgment, present a petition to the Court rendering the same, stating that he, or those under whom he claims, while holding the premises under a color of title believed by him, or them, to be good, have made permanent improvements thereon, and praying that he may be allowed for the same over and above the value of the use and occupation of such land; and thereupon the Court may, if satisfied of the probable truth of the allegations, suspend the execution of such judgment and impanel a jury to assess the damage of the plaintiff and the allowance to the defendant for such improvements." We think that the Sheriff's return of the writ with the endorsement thereon was such an execution of the judgment as is contemplated by the said section of *The Code.* If not so, judgment might be had for land and for damages greater in amount than the defendant could pay, and though the plaintiff may have been put into possession of the land, yet so long as the damages might remain unpaid, the claim for betterments would still subsist, and if allowed would be a lien on the land, though the same might belong to a purchaser for value and without notice.

There is no error in the ruling of His Honor and the judgment is affirmed.                    Affirmed.