### H. T. RUMBOUGH v. J. YOUNG.

*Practice—Counter-claim—Demand for Relief—Right of Plaintiff to Enter Non-suit.*

1. Where a counter-claim is properly pleaded in an action, the opposing party cannot deprive the pleader of his right to a trial thereon by entering a non-suit.
2. While one who, on a verbal contract of purchase and sale of land, has paid the whole or part of the purchase money, gone into possession and made improvements, has good grounds for relief, he nevertheless has no independent cause of action, and his demand, in his answer to an action for possession, for an account for the purchase money paid and for betterments does not amount to a counter-claim, so as to prevent the plaintiff from entering a non-suit.

CIVIL ACTION, tried at Fall Term, 1895, of MADISON Superior Court, before *Robinson, J.* The facts appear in the opinion of Chief Justice FAIRCLOTH. From a refusal of plntiff's motion to be allowed to enter a non-suit plaintiff appealed.

*Mr. J. M. Gudger, Jr.*, for plaintiff (appellant).
*Messrs. Moore & Moore*, for defendant.

FAIRCLOTH, C. J.: We were not favored with an argument, and upon examination of the record we find the only question was whether the plaintiff had a right to a judgment of non-suit on his own motion, after his Honor had intimated that he could not recover, at the close of his evidence. The defendant objected to a non-suit on the ground that the parties had prayed for affirmative relief. The court refused the motion of non-suit and proceeded to try the case. His Honor fell into the error of treating the affirmative relief demanded by the defendant as a counter-claim. It appears that the plaintiff agreed verbally to sell and convey to defendant a small lot of land. The defendant paid the purchase price, or a part of it, and entered into possession and made some improvements on the lot. The plaintiff sued for possession, and defendant demanded the repayment of the purchase money and compensation for the improvements made. Plaintiff excepted and appealed from the court's refusal to allow his motion of non-suit.

A counter-claim is a cross action, and is intended, when the relation of the two causes of action is such as *The Code* prescribes, to enable the parties to dispose of both actions at one trial. The counter-claim is an independent and distinct cause of action, and must be alleged as fully in form and substance, and capable of proof in the same manner, as if it was a complaint. When so pleaded the oppos-

RUMBOUGH *v.* YOUNG.

ing party cannot deprive the pleader of his right to try by entering a non-suit. If he withdraws his complaint, the counter-claim may proceed to trial and final judgment; and hence, in such a case, the court will not allow a non-suit to be entered. Several decisions on this matter will be found in Clark's Code, Sections 243 and 244.

While the defendant has good grounds for relief when the occasion arises, he has no cause of action, either legal or equitable. He is in possession of all that he purchased and paid for. His answer is not that of an actor but a defender. He could not maintain an action for specific performance, the contract being void by force of the Statute of Frauds relied upon by the plaintiff.

This principle was uniformly observed by the Courts of Equity under our former system, and was clearly stated in *Albea* v. *Griffin*, 2 Dev. & Bat. Eq., 9. In *Baker* v. *Carson*, 1 Dev. & Bat. Eq., 381, the Court exercised its restraining power to prevent an ouster until the betterments were paid for, although the contract was void under the statute. This was done, not upon any principle of contract or damages for the breach of the same, but to prevent fraud and to enforce equity and good conscience.

These cases have been approved in a series of decisions, both before and since our present *Code* system. The motion for a non-suit should have been allowed.

Error.