HATTIE J. CARROW, HELEN J. TREMHOLM, MARY SIMMONS J. JENKINS, LATHAM J. CAPEHART, EVELYN J. HACKNEY, NORMA J. ROSS AND GRACE J. BOWEN v. SYLVESTER DAVIS.

(Filed 24 September, 1958.)

**1. Adverse Possession § 17—**

Adverse possession of lands for twenty years without color or for seven years under color of a deed or grant will ripen into title.

**2. Adverse Possession § 15—**

Color of title is a paper writing which purports to convey land but which fails to do so.

**3. Same—**

Where the description in a deed is insufficient to identify the land, the deed cannot operate as color.

**4. Boundaries § 8—**

What are the boundaries of a tract of land is a question of law. Where they are located on the ground is a question of fact.

**5. Boundaries § 9—**

A deed is void for vagueness of description unless it identifies the land sought to be conveyed complete within itself or by reference to some source from which the deficiency in the description may be supplied.

**6. Adverse Possession § 23—**

The burden is upon the party claiming title by adverse possession for seven years under color to fit the description in his deeds to the land he claims under them, and when the parties waive a jury trial and claimant's evidence fails to fit the description in his deeds to the land claimed, judgment against claimant will be affirmed.

JOHNSON AND PARKER, J. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Moore, J.,* June, 1958 Civil Term, BEAUFORT Superior Court.

Civil action in which plaintiffs claim ownership and right to possession of three specifically described lots in Washington Heights, Beaufort County.

The defendant admitted possession and claimed ownership by virtue of seven years adverse possession under color of two deeds from E. H. Jefferson and wife, the first dated October 20, 1942, and the second dated January 14, 1943. The second deed was executed to correct the description in the first.

The parties waived a jury trial. They stipulated: (1) The plaintiffs have a good record title dating back to a grant from the Crown in 1719; (2) the defendant and his predecessor in title have been in adverse possession for more than seven years. Upon the stipulations and evidence introduced, the court found as a fact the descriptions in the defendant's deeds were insufficient to identify the land, and adjudged the plaintiffs to be the owners and entitled to possession. Defendant appealed.

*J. D. Paul, Wilkinson and Ward for defendant, appellant.*
*Rodman & Rodman for plaintiffs, appellees.*

HIGGINS, J.    Adverse possession of lands, *Lindsay v. Carswell,* 240 N.C. 45, 81 S.E. 2d 168, for 20 years will ripen into title. *Everett v. Sanderson,* 238 N.C. 564, 78 S.E. 2d 408. The defendant offered no evidence of adverse possession for that period. Adverse possession *under color of a deed or grant* will ripen into title in seven years. *Trust Co. v. Miller,* 243 N.C. 1, 89 S.E. 2d 765. Defendant's adverse possession for that period is admitted. The question is: Did he hold under color of title?

Color of title is a paper writing which purports to convey land but fails to do so. *Trust Co. v. Parker,* 235 N.C. 326, 69 S.E. 2d 841. However, if the failure arises from the insufficiency of the description to identify the land, then the writing cannot operate as color. *Powell v. Mills,* 237 N.C. 582, 75 S.E. 2d 759; *Katz v. Daughtrey,* 198 N.C. 393, 151 S.E. 879; *Farmer v. Batts,* 83 N.C. 387.

What the boundaries of a tract of land are, is a question of law.

Where they are located on the ground is a question of fact. *Brooks v. Woodruff,* 185 N.C. 288, 116 S.E. 724; *Tatem v. Paine,* 11 N.C. 64. To give effect to his possession, the defendant must fit the description in his deeds to the land he claims under them. A deed is void for vagueness of description unless it identifies with certainty the land sought to be conveyed. The identification must be complete in the deed itself, or the deed must point to some source from which the deficiency in the description may be supplied. *Williams v. Robertson,* 235 N.C. 478, 70 S.E. 2d 692; *Cathey v. Lumber Co.,* 151 N.C. 592, 66 S.E. 580; *Edmundson v. Hooks,* 33 N.C. 373.

In his attempt to fit the description in his deeds to the lots claimed, the defendant offered the testimony of a surveyor. To repeat even in substance his evidence relating to the difficulties he encountered in attempting to follow the descriptions in either or both deeds, and to enclose a tract of land, would serve no useful purpose. The descriptions, taken separately or together, fail to enclose a tract of land. They refer to nothing which supplies the deficiency. The second deed recites: "This deed is intended to correct the description in (the first deed) . . . upon discovery that the description . . . is probably erroneous." Of the description in the second deed, the defendant has this to say in his brief: "The able judge below was steered off the correct line of reasoning by the confusion induced by the obvious errors in the so-called deed of correction . . ."

The stipulation of the parties placed upon the defendant the burden of showing his adverse possession under color of his deeds. *McPherson v. Williams,* 205 N.C. 177, 170 S.E. 662. The judge sitting as a court and jury found he had not carried that burden. The record as it comes to us fully justifies the finding.

Affirmed.

JOHNSON and PARKER, JJ., took no part in the consideration or decision of this case.