AZALEA MATTOX AND HUSBAND, TOM MATTOX v. STATE OF NORTH CAROLINA AND NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND HIGHWAY SAFETY

No. 7426SC40

(Filed 5 June 1974)

State § 4— State's breach of condition subsequent — action for rental value — sovereign immunity

　　Where it was determined in a prior action that plaintiffs, the grantors of land to the State, were entitled to repossession of the property for breach of a condition subsequent that the State perpetually and continuously operate a Highway Patrol Radio Station and Highway Patrol Headquarters there, G.S. 41-10.1 did not give plaintiffs the right to sue the State for the fair rental value of the property from the time the plaintiffs first requested return of the property until the time possession was given to the plaintiffs.

APPEAL from Grist, Judge, 30 July 1973 Session of MECKLENBURG County Superior Court. Argued in the Court of Appeals 14 March 1974.

On 12 March 1949, the plaintiffs conveyed to the defendant a parcel of land in Mecklenburg County on the condition that the State erect a Highway Patrol Radio Station and Highway Patrol Headquarters there, and on the further condition that they perpetually and continuously keep and operate said station. In 1968, the defendant terminated its operation of the radio station. In November 1968, the plaintiff, Tom Mattox, demanded that the property be surrendered to him. The State refused. On 19 November 1969, the plaintiff instituted an action in the Mecklenburg County Superior Court against the State and the Department of Motor Vehicles seeking repossession of the property. Summary judgment was granted in favor of the State, and the plaintiffs gave notice of appeal.

On 9 February 1972, the Supreme Court held that summary judgment should have been granted in favor of the plaintiffs. On 28 February 1972, the Mecklenburg County Superior Court entered judgment in favor of the plaintiffs, and the plaintiffs were given the right to immediate possession of the property.

After summary judgment was entered in their favor, the plaintiffs, on 25 April 1972, filed this action. The plaintiffs here seek judgment against the State in the amount of $37,440.00, claiming this to be the fair rental value of the property from November 1968, when the plaintiff first requested the return of the property, until 1 March 1972, when possession was given to the plaintiffs. The defendant moved to dismiss the action on the grounds that the court lacked jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief could be granted. The trial court denied the defendant's motion to dismiss for lack of jurisdiction over the subject matter. It then granted the motion to dismiss upon the grounds that the complaint failed to state facts upon which relief may be granted insofar as the complaint purported to assert a claim for rents for any period prior to 28 February 1972. The court ruled that the complaint stated a valid claim for the period of time from 28 February 1972, until 1 March 1972, when the defendants vacated the premises. Each party excepted to the court's ruling and gave notice of appeal.

*Attorney General Robert Morgan by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Robertson and Brumley by Richard H. Robertson and A. Neal Brumley for the plaintiffs.*

CARSON, Judge.

It is well founded that a sovereign State may be sued by a private individual only when the State has given permission to do so. *Ferrell v. Highway Commission,* 252 N.C. 830, 115 S.E. 2d 34 (1960) ; *Smith v. Hefner,* 235 N.C. 1, 68 S.E. 2d 783 (1952) ; *Shipyard, Inc. v. Highway Comm.,* 6 N.C. App. 649, 171 S.E. 2d 222 (1969). The plaintiffs acquired the right to sue the State in their first action pursuant to G.S. 41-10.1. They allege that this statute allows them to sue the State here for the fair rental value of the property. G.S. 41-10.1 provides:

Trying title to land where State claims interest. Whenever the State of North Carolina or any agency or department

thereof asserts a claim of title to land which has not been taken by condemnation and any individual, firm or corporation likewise asserts a claim of title to the said land, such individual, firm or corporation may bring an action in the Superior Court of the county in which the land lies against the State or such agency or department thereof for the purpose of determining such adverse claims. Provided, however, that this section shall not apply to lands which have been condemned or taken for use as roads or for public buildings.

It is clear in the instant situation that the title has already been held to be properly vested in the plaintiffs, and the plaintiffs now have possession of the property. *Mattox v. State,* 280 N.C. 471, 186 S.E. 2d 378 (1972). The title not being in issue, the question before us is whether the plaintiffs may bring an action for damages under the statutory provisions of 41-10.1. The right to sue the State is a conditional right, and the statutory provisions must be strictly followed. *Floyd v. Highway Commission,* 241 N.C. 461, 85 S.E. 2d 703 (1955); *Construction Co. v. Dept. of Administration,* 3 N.C. App. 551, 165 S.E. 2d 338 (1969). With the title to the property no longer in question, we hold that plaintiffs may not sue the State for any further damages.

The motion of the defendants to dismiss the action should have been granted. This cause is remanded with direction to dismiss this action with prejudice.

Chief Judge BROCK and Judge MORRIS concur.