GLEN YOUNG AND WIFE, INEZ YOUNG, PETITIONERS v. ARTHUR YOUNG AND
WIFE, IRENE YOUNG, AND EDNA KISER, RESPONDENTS v. JAMES D.
YOUNG [DECEASED] AND WIFE, PARTHENE S. YOUNG (WIDOW), AND AN-
THONY A. BRADLEY AND WIFE, SIDNEY A. BRADLEY, THIRD PARTY
DEFENDANTS

No. 8425SC1189

(Filed 16 July 1985)

1. **Boundaries § 9— description of boundaries issue of law—location on the ground issue of fact**

   In cases involving boundary line disputes brought under the processioning statutes, the question of what are the boundaries presents a question of law for the court, while the question of where the boundaries are located on the ground is generally a question of fact for the jury.

2. **Boundaries § 3— calls reversed—error**

   The trial judge erred by granting summary judgment for respondents in an action to establish a boundary line where a mistake was made in the original survey of a subdivision and the trial court reversed the sequence of calls given in the original commissioner's report even though all the corners were known or could be determined. The fact that the commissioners drew the homeplace in the middle of a lot on the plat while following the calls in sequence places it close to a boundary line does not warrant reversal as a matter of law because the commissioners did not depict the distance from the walls of the homeplace to any boundary line. The fact that every deed entered since confirmation of the report has been described according to the plat does not estop petitioners from arguing that the disputed intersection of boundary lines is at some point other than that shown on the plat because the commissioners drew the plat to illustrate their report, and it adds no points of reference with which to better discern the intent of the commissioners.

3. **Boundaries § 14— denial of motion for survey—no abuse of discretion**

   While the better practice is for the court to order a survey in boundary disputes, G.S. 38-4 does not require the court to do so and there was no abuse of discretion in the denial of petitioners' motion for a survey.

APPEAL by petitioners from *Sitton, Judge.* Judgment entered 17 August 1984 in Superior Court, BURKE County. Heard in the Court of Appeals 16 May 1985.

This case involves a boundary line dispute.

The parties' property was originally part of a fifteen-acre tract owned by Delia Young. In 1950, after Delia Young died, the tract was divided into ten lots by a panel of commissioners appointed by Burke County Superior Court. The commissioners prepared a written report giving descriptions of the lots and prepared a plat, which they incorporated into the report. Petitioners own lots 3, 4, and 5 while respondents own lots 1 and 2.

On 4 October 1982, petitioners filed a petition under the processioning statutes to establish a boundary line between lots 2 and 3 with the Clerk of Burke County Superior Court. On 10 August 1983, petitioners moved for the appointment of a surveyor by court order. This motion was apparently denied. The respondents moved to add as parties defendant the owners of the other lots in the subdivision. This was allowed. The original respondents then filed a cross-complaint against the third party defendants for a determination of the boundary lines and in the alternative for an equitable realignment of the boundary lines in the event that the court did not determine that the lines were as established by the 1950 Report of the Commissioners. The respondents also amended their answer to add a further defense of adverse possession based on color of title on 19 August 1983. With the issue of title raised, the case was transferred to the civil issue docket.

In their original petition and on appeal, petitioners contend that the true location of the north-south boundary line between lots 2 and 3, at its southern terminus, is 240 feet west of the southeast corner of respondents' lot 1. Petitioners base their claim on a survey done of lots 1 and 2 according to the description given in the 1950 Report of the Commissioners, subdividing the property. Respondents rely also on the survey, the description given in the 1950 Report, and the plat prepared and incorporated into the Report. Respondents say the Report and plat support location of the southern terminus of the line between lots 2 and 3 at 280 feet west of the southeast corner of lot 1.

Respondents moved for summary judgment on 21 March 1984, requesting the trial court to declare the true boundary line between lots 2 and 3. The trial court accepted respondents' de-

scription and location of the boundary line and granted summary judgment against petitioners. Petitioners appealed.

*Mitchell, Teele, Blackwell, Mitchell & Smith, by Thomas G. Smith, for petitioner appellants.*

*McMurray & McMurray, by John H. McMurray, for respondent appellees.*

ARNOLD, Judge.

The primary question presented is whether the trial judge erred in granting summary judgment for respondents on petitioners' petition to establish a boundary line.

Summary judgment is proper only if there is no genuine issue of material fact and respondents are entitled to judgment as a matter of law. *See Vassey v. Burch*, 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980).

[1] In cases involving boundary line disputes, brought under the processioning statutes, the question of what are the termini or boundaries presents a question of law for the court, while the question of where the boundaries or termini are located on the ground is generally a question of fact for the jury. *Bishop v. Reinhold*, 66 N.C. App. 379, 387, 311 S.E. 2d 298, 303, *disc. rev. denied*, 310 N.C. 743, 315 S.E. 2d 700 (1984); *Combs v. Woodie*, 53 N.C. App. 789, 790, 281 S.E. 2d 705, 706 (1981); *Miller v. Johnson*, 173 N.C. 62, 91 S.E. 593 (1917).

Only where the location of the boundary line or termini is admitted, or evidence is not conflicting, is the location of the line a question of law for the court. *Brown v. Hodges*, 232 N.C. 537, 541, 61 S.E. 2d 603, 606 (1950), *pet. for reh. denied*, 233 N.C. 617, 65 S.E. 2d 144.

[2] In the present case, the parties agree, and the trial court found in its summary judgment order, that the Report of the Commissioners and the plat map incorporated in it govern the description of the boundary line between lots 2 and 3. Petitioners say that when lots 1 and 2 are surveyed according to the written description in the Report, proceeding counterclockwise from the pine stump to the poplar corner and thence according to the calls given, the distance along the southern boundary of lots 1 and 2

between the pine stump and the southern terminus of the line between lots 2 and 3 is only 240 feet.

Respondents contend that the correct boundary between lots 2 and 3 can be found by reversing the written calls and proceeding clockwise from the beginning point, a pine stump, along the southern boundary of lots 1 and 2 to the southern terminus of the boundary between 2 and 3. They argue essentially that the court should not merely follow the written description in the sequence given in the commissioners' Report. Rather, they make a "practical argument," that the plat depicts the Delia Young homeplace as equidistant from the western and eastern boundaries of lot 2 and that if the western boundary is as petitioners contend, 40 feet to the east, it would be on or close to the west wall of the homeplace. The commissioners would not have intended, respondents say, to survey lot 2 so that its western boundary falls on the wall of a house.

Without doubt, a mistake was made in the original survey of the Delia Young subdivision, with the result that the plat and the written Report give the length of the southern line of the entire tract as 40 feet longer than it is on the ground. As the parties' petition and answer indicate, the error was apparently made in the survey of the first call of lot 1, from the pine stump to the poplar corner.

As noted. above, what the boundary between lots 2 and 3 is, *i.e.*, how the written Report and the plat should be construed to give a legal description of the boundary, is a question for the trial court. In the present case, the trial court accepted the description of the boundary advocated by the respondents. He described the boundary as follows:

> BEGINNING on a point in South boundary line of the tract of land partitioned in aforesaid special proceeding located North 89° West 280 feet from  Southeast corner of Lot 1 marked by a pine tree and iron pipe as shown on said plat and runs thence North 5° West 449 feet to an iron pipe.

As petitioners correctly observe, the trial court's description requires a reversal of the sequence of calls given in the commissioners' Report. A reversal of calls is permissible if a particular corner is unknown and cannot be found by following the direc-

tions in the sequence specified. *Batson v. Bell,* 249 N.C. 718, 719, 107 S.E. 2d 562, 563 (1959). Ordinarily a corner is unknown when a natural monument is missing or an artificial monument is disputed and the description fails to give a course and distance to the corner from an established corner.

In the present case all corners are known or can be determined: all are marked either by a natural monument or can be found by proceeding from a natural monument according to the directions given in the commissioners' Report. Comparison of respondents' Exhibit A and petitioners' Summary Judgment Exhibit 1 indicates that the parties agree on the southeast corner of lot 1, the pine stump, and on the northeast corner of lot 1, the poplar, located N 7° – 33 W from the pine stump. All other corners can be found by proceeding counterclockwise by metes and bounds as provided in the commissioners' Report. In these circumstances, the trial court erred by reversing the calls.

The fact that the commissioners drew the homeplace in the middle of lot 2 on the plat does not warrant reversal of the calls as a matter of law. The commissioners did not depict the distance from the walls of the homeplace to any boundary line and so the homeplace may not serve as a point of reference in determining the description of the line. The location of the house, however, may figure in the location of the line on the ground, which is a question of fact for the jury.

The respondents argue that every deed entered since confirmation of the commissioners' Report has been described according to the plat, and that this somehow estops petitioners from arguing that the disputed boundary line and the southern boundary intersect at some distance from the pine stump other than that shown on the plat. The commissioners' Report and plat, however, both contain the same monuments and measurements, and the same ambiguities. The commissioners drew the plat to illustrate their Report and expressly incorporated it into the Report. Because the plat indicates that the boundary lines can be surveyed in either direction does not mean that the sequence given in the commissioners' Report should be disregarded. The plat adds no points of reference from which we can better discern the intent of the commissioners. The description of the disputed boundary line,

as a matter of law, must be determined by following the directions given in the commissioners' Report.

[3] The petitioners complain that the trial court erred in denying their motion for a court-ordered survey. While the better practice is to order a survey, the pertinent statute, G.S. 38-4, does not require the court to do so, *see Vance v. Pritchard*, 218 N.C. 273, 276, 10 S.E. 2d 725, 726-27 (1940) (discussing predecessor statute, C.S. 364). We find no abuse of discretion in the trial court's denial of the petitioners' motion for a survey.

The trial court's order is reversed and remanded for a new determination of the description of the disputed line and for trial on the issue of location.

Reversed and remanded.

Judges MARTIN and PARKER concur.