STATE OF NORTH CAROLINA v. J. T. TAYLOR, JR., J. H. SIMPSON AND
HARRELL M. CARPENTER

No. 863SC880

(Filed 5 May 1987)

**1. State § 4; Betterments § 1— betterments claim—no sovereign immunity**
    Defendant's claim for betterments against the State was not barred by sovereign immunity where defendant had asserted in the principal action by the State against defendant that he owned the land in fee simple. Since a claim for betterments can only arise by virtue of a claim of title, a claim for betterments is a claim of title under N.C.G.S. § 41-10.1.

**2. Betterments § 2— betterments claim—filed after injunction restraining entrance to land—timely**
    Defendant's betterments petition was timely filed even though it was filed after an injunction had been obtained restraining defendant from going on the land. An injunction does not serve as a writ of execution under the betterments statute. N.C.G.S. § 1-340.

**3. Betterments § 1; Judgments § 35.1— color of title—prior decision on ownership—not res judicata**
    The trial court erred by dismissing a betterments claim on the grounds that the claimant did not have color of title where a prior appellate decision in the trial which determined that the State held title did not hold that the description in defendant's deed was defective, but that defendant had not overcome the presumption of title in the State and defendant's deed was not a *fortiori* defective because the description in an earlier deed was defective.

4. **Betterments § 1.1; Judgments § 37.5— collateral estoppel—earlier decision on ownership—no identity of issues**

　　An action for betterments was remanded for a determination of whether defendant held land under color of title where an earlier action to determine the rightful ownership of the land was not *res judicata* since the causes of action were not the same and collateral estoppel by judgment was inapplicable because there was not an identity of issues.

5. **Betterments § 1— permanency of improvements—claim sufficiently stated**

　　The trial court did not err by not dismissing a claim for betterments for failure to state a cause of action.

　　Judge EAGLES dissenting.

APPEAL by defendant Taylor from *Phillips, Herbert O., III, Judge.* Order entered 14 April 1986 in Superior Court, CRAVEN County. Heard in the Court of Appeals 2 February 1987.

　　*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General T. Buie Costen and Assistant Attorney General R. Bryant Wall, for the State.*

　　*Nelson W. Taylor, III, for defendant-appellant.*

GREENE, Judge.

　　This appeal involves a claim for betterments pursuant to N.C.G.S. Sec. 1-340 against the State for improvements made to certain timberland in Craven County, North Carolina.

　　On 20 January 1971, the Brandenburg Land Co. [hereinafter Brandenburg] sold defendant J. T. Taylor, Jr., a tract of timberland it purported to own in Craven County. Soon after receiving and recording his deed, Taylor acquired a right-of-way and built an access road, cleared a large portion of the land and sold the timber. He then constructed roads and a canal on the property, converted 157 acres to farmland and planted 12.5 acres with pine seedlings.

　　On 1 May 1978, the State of North Carolina filed suit against Taylor and others alleging it owned the land. The State also alleged the defendants were trespassing on the land and requested the court eject the defendants and require them to pay damages to the State.

　　The trial court separated the issues of ownership and damages for trial. On 12 November 1981, the court entered judgment

for the State on the issue of ownership and permanently enjoined Taylor from going on the land. Taylor appealed. The decision was affirmed by this Court and the Supreme Court denied discretionary review. Taylor then petitioned the Supreme Court for reconsideration which was also denied. *State v. Taylor*, 63 N.C. App. 364, 304 S.E. 2d 767 (1983), *disc. rev. denied*, 310 N.C. 311, 312 S.E. 2d 655 (1984), *reconsideration denied*, 313 S.E. 2d 160 (N.C. 1984) [hereinafter referred to as *Taylor I*]. The denial was entered 6 March 1984. The determination of damages is still pending.

On 14 January 1985, Taylor filed a petition for betterments praying he be allowed $300,000 for improvements he made to the State's land. Taylor brought his petition under N.C.G.S. Sec. 1-340 which in pertinent part reads:

> A defendant against whom a judgment is rendered for land may, at any time before execution, present a petition to the court rendering the judgment, stating that he, or those under whom he claims, while holding the premises *under a color of title* believed to be good, have made permanent improvements thereon, and praying that he may be allowed for the improvements, over and above the value of the use and occupation of the land. [Emphasis added.]

The State filed a response claiming sovereign immunity as a complete defense, contending the petition for betterments was not timely filed and contending Taylor's claim should fail because he did not have color of title to the land when he made the improvements. The trial court dismissed the State's defenses of sovereign immunity and untimeliness of the petition on 1 July 1985. On 16 April 1986, the trial court dismissed Taylor's claim on the basis that the Brandenburg-Taylor deed did not constitute color of title as a matter of law.

Taylor appeals from the entry of the judgment. The State cross-assigns error to the order dismissing its defenses of sovereign immunity and untimely filing.

The issues before us are: 1) whether Taylor's action for betterments is barred by sovereign immunity, 2) whether the action was timely filed, and 3) whether Taylor held the property under color of title when he made the alleged improvements.

I

**[1]** The State of North Carolina is immune from suit unless and until it expressly consents to be sued. Absent consent or waiver, this immunity is absolute and unqualified. *General Electric Co. v. Turner*, 275 N.C. 493, 498, 168 S.E. 2d 385, 389 (1969).

The State of North Carolina has waived sovereign immunity to suits involving "claims of title" to land.

> Whenever the State of North Carolina . . . *asserts a claim of title* to land which has not been taken by condemnation and any individual . . . *likewise asserts a claim of title* to the said land, such individual . . . may bring an action in the superior court . . . against the State . . . for the purpose of determining such adverse claims.

N.C.G.S. Sec. 41-10.1 (Dec. 1984) (emphasis added).

In the original action, brought by the State, Taylor asserted he owned the land in fee simple. If his claim for betterments is part of his original "claim of title," then it is not barred by sovereign immunity.

"Claims of title" under Section 41-10.1 encompass actions for easements across state property, *Shingleton v. State*, 260 N.C. 451, 133 S.E. 2d 183 (1963), and, if brought in connection with an action for possession, actions for damages. *Mattox v. State*, 21 N.C. App. 677, 205 S.E. 2d 364 (1974).

An action for betterments is a defensive right and not an independent cause of action. *Commissioners of Roxboro v. Bumpass*, 237 N.C. 143, 146, 74 S.E. 2d 436, 439 (1953). *Rumbough v. Young*, 119 N.C. 567, 26 S.E. 143 (1896). It accrues only after someone with better title seeks and obtains the aid of the court to enforce their right of possession. *Commissioners of Roxboro*, at 147, 74 S.E. 2d at 439.

Since a claim for betterments can arise only by virtue of a "claim of title," we hold that a claim for betterments is a "claim of title" as that term is used in N.C.G.S. Sec. 41-10.1. Therefore, Taylor's claim for betterments is not barred by sovereign immunity.

## II

We must now determine if the action for betterments was timely filed.

**[2]**   The betterments statute, N.C.G.S. Sec. 1-340, states that the defendant "against whom a judgment is rendered for land may, *at any time before execution*, present a petition to the court" for betterments. (Emphasis added.) The State contends the injunction in the order of 12 November 1981 restraining Taylor from going on the land is the equivalent of an execution. If so, Taylor's betterments claim, filed 14 January 1985, is untimely and must be dismissed.

The Supreme Court discussed the history of the betterments statute in *Commissioners of Roxboro v. Bumpass*, 237 N.C. 143, 74 S.E. 2d 436 (1953):

> [G]enerally speaking, one who establishes a superior title to land is *not permitted to recover possession thereof until and unless he pays the occupant his claim*, properly and promptly presented, for just compensation for improvements of a permanent nature placed thereon when obvious equity and principles of fair play demand it, on the conception that no man should be unjustly enriched at the expense of another who has acted in good faith.

*Id.* at 145-46, 74 S.E. 2d at 438 (emphasis added).

The issue of whether a betterments claim was timely filed arose in *Boyer v. Garner*, 116 N.C. 125, 21 S.E. 180 (1895). The action for betterments was filed after a writ of possession and execution had been served by the sheriff. The Court stated "the sheriff's return of the writ with the indorsement thereon was such an execution of the judgment as is contemplated" by the betterments statute. *Id.* at 130, 21 S.E. at 181. In *Boyer*, the sheriff had actually gone on the property and placed the defendant out of possession of the land.

Here, the State has not caused a writ of possession to be executed. Because the principle behind the betterments statute is equity, we follow the Court in *Boyer* in its strict construction of the meaning of "execution" in the betterments statute. An injunction does not serve as a writ of execution under the betterments statute. Taylor's betterments petition was timely filed.

### III

The next question presented is whether Taylor made the alleged improvements on the land "while holding the premises under a color of title believed to be good . . . ." N.C.G.S. Sec. 1-340.

"Color of title is a paper writing which purports to convey land but fails to do so." *Carrow v. Davis*, 248 N.C. 740, 741, 105 S.E. 2d 60, 61 (1958). A deed is color of title only for the land designated and described in it. The description of the deed is sufficient when it furnishes means of identifying the land intended to be conveyed. *Powell v. Mills*, 237 N.C. 582, 588, 75 S.E. 2d 759, 764-65 (1953). If a surveyor can find the property from the description, the description is sufficient for color of title. *Oxford v. White*, 95 N.C. 525, 527 (1886).

On this issue, both the State and Taylor base their primary arguments on the doctrines of *res judicata* and collateral estoppel by judgment: Each claims the doctrines act in their favor against the other party. We will first address the State's contentions.

### A

[3] The State argues that the trial court did not err in dismissing Taylor's betterments claim because this Court has already determined the Brandenburg-Taylor deed did not constitute color of title in *Taylor I*.

When the State's claim of title was originally tried, the trial court determined Taylor had not proven a valid chain of title to the land. The trial court in *Taylor I* did not find as a matter of fact or conclude as a matter of law that the Brandenburg-Taylor deed did not contain an adequate description. In *Taylor I*, we held that Taylor had not pulled the "laboring oar" necessary to overcome the presumption of title in the State. 63 N.C. App. at 368, 304 S.E. 2d at 770. The fatal defect in Taylor's chain of title through Brandenburg was an inadequate description in a deed pre-dating the Brandenburg-Taylor deed.

The doctrines of *res judicata* and collateral estoppel by judgment are, by definition, inapplicable if the issue now litigated has not been decided. There being no prior decision that the description in the Brandenburg-Taylor deed was defective, Taylor may still prove the description in his betterments claim.

Even so, the State contends that because the description in the earlier deed is defective, the Brandenburg-Taylor deed is *a fortiori* defective since both deeds begin at the same undeterminable point. The State contends there is no way in which the description of the Brandenburg-Taylor deed could be cured. Therefore, the State contends, the trial court's order dismissing Taylor's betterments claim was not in error and should be affirmed. We do not agree.

We note the two deeds differ in their descriptions; the Brandenburg-Taylor deed purportedly conveying only part of the greater tract of the earlier deed. A description is not defective merely because the beginning point is unascertainable; for instance, the deed may be cured by reversing the calls. *See, e.g., Young v. Young*, 76 N.C. App. 93, 331 S.E. 2d 769 (1985). Thus, we cannot rule as a matter of law that the Brandenburg-Taylor deed does not constitute color of title to the land in question. Therefore, the order of the court below that Taylor did not have color of title in the land was error.

B

[4]   We now turn to address defendant's contentions. Taylor contends the trial court in *Taylor I* found that the Brandenburg-Taylor deed "specifically described the land in controversy," thus finding that the deed constituted color of title. He contends the matter should not be relitigated but that we should enter summary judgment for him on the issue under the doctrine of *res judicata.*

The cause of action in *Taylor I* was whether Taylor was the rightful owner of the land. Here, the cause of action is Taylor's claim for betterments. Since the causes of action are not the same, the doctrine of *res judicata* is inapplicable. *King v. Grindstaff*, 284 N.C. 348, 355-56, 200 S.E. 2d 799, 804-05 (1973).

Collateral estoppel by judgment is also inapplicable. Under the principle of collateral estoppel by judgment, "parties or parties in privity with them — even in unrelated causes of action — are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination." *King*, at 536, 200 S.E. 2d at 805. In order for collateral estoppel by judgment to be applicable:

(1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*Id.* at 358, 200 S.E. 2d at 806. Should any element fail, the doctrine of collateral estoppel by judgment cannot work to estop the plaintiff.

We find the issue of whether the Brandenburg-Taylor deed sufficiently described the land in controversy was not necessary and essential to the State's claim for possession. In *Taylor I,* the State would prevail if Taylor was unable to prove every link in his chain of title. He was unable to prove the adequacy of the description in an earlier deed and the State prevailed on the basis of that fact. Because the State did prevail on that basis, whether the description of the Brandenburg-Taylor deed described the land in controversy — thus, constituting color of title — was not necessary and essential for the determination of the action for possession. Therefore, the identity of issues between *Taylor I* and this case is not present and collateral estoppel by judgment does not estop the State from litigating the question of whether the Brandenburg-Taylor deed provided Taylor with color of title.

The order of the trial court below is reversed and remanded for determination of whether Taylor held the land under color of title.

## IV

[5] The State has also raised the issue whether, as a matter of law, the changes defendant made to the land were permanent improvements. The Court in *Pamlico Co. v. Davis,* 249 N.C. 648, 107 S.E. 2d 306 (1959), held that evidence of improvements similar to those Taylor claims to have made was sufficient to go to the jury on the question of whether they were permanent improvements. *Id.* at 651-52, 107 S.E. 2d at 309. Consequently, the trial court did not err in refusing to dismiss Taylor's claim for betterments for failure to state a cause of action.

V

The trial court's order of 1 July 1985, overruling the State's defenses of sovereign immunity, untimely filing of the petition and failure to state a cause of action is affirmed. The trial court's order of 16 April 1986, dismissing Taylor's petition for betterments, is reversed and remanded.

Affirmed in part, reversed in part and remanded.

Judge WELLS concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I respectfully dissent. The majority has broadened the scope of the waiver of sovereign immunity in G.S. 41-10.1 so as to permit a betterments action against the State. To do so, they have broadly defined "claim of title" to include a claim for betterments. The majority bases its holding on the logic that since a claim for betterments can arise only "by virtue of" a claim of title, it is included within the language of the waiver statute. I disagree with the majority's loose reading of the statute.

Though the majority cites *Mattox v. State*, 21 N.C. App. 677, 205 S.E. 2d 364 (1974), it is instructive to note in *Mattox* "[t]he title not being in issue, the question before us is whether the plaintiffs may bring an action for damages under the statutory provisions of 41-10.1." The court there held that, since title had already been settled, plaintiffs were *not* entitled to bring a separate action for damages. Similarly, here, title had been settled long before plaintiffs brought their action for betterments. This is not a case where, in the words of G.S. 41-10.1, "the State of North Carolina or any agency or department thereof asserts a claim of title to land."

It is a fundamental principle that: "The right to sue the State is a conditional right, and the statutory provisions must be strictly followed." *Mattox, supra* at 679. Here, the majority, in an effort to avoid an inequity, has interpreted the waiver statute too broadly and has winked at the admonition to strictly construe statutes which waive the benefits of the doctrine of sovereign im-

munity. Any broadening of the statutory waiver of sovereign immunity is properly a legislative function and ought not be undertaken through liberal statutory interpretation. I would vote to affirm the trial court's dismissal of this action but only on the grounds that the State has not waived, but has asserted, sovereign immunity from this claim.