STATE OF NORTH CAROLINA v. I. L. CHADWICK AND WIFE, EMMA CHADWICK, AND H. I. CHADWICK AND WIFE, LUREE CHADWICK

No. 7613SC435

(Filed 3 November 1976)

1. State § 2; Waters and Watercourses § 7— title to submerged lands and tidelands — failure of defendants to carry burden

   In an action by the State for removal of a cloud on its title to submerged lands and tidelands lying within the description of a tract of land claimed by defendants, the trial court properly directed verdict in favor of the State where defendants stipulated at trial that they were unable to prove an unbroken chain of title connecting their deed to a deed or grant from the State and where defendants offered no evidence of adverse possession to support their pleadings. G.S. 146-79.

2. State § 2; Waters and Watercourses § 7— lands claimed by State — defendants' burden of proof to show title — constitutionality of statute

   Defendants' contention that the application of the statute creating a presumption of title in the State, G.S. 146-79, results in a taking of their property without compensation and that the statute is therefore unconstitutional is without merit.

APPEAL by defendants from *Hobgood, Judge.* Judgment entered 25 February 1976 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 11 October 1976.

This is an action by the State of North Carolina for the removal of a cloud on its title to submerged lands and tidelands lying within the description of a tract of land claimed by defendants. Defendants denied plaintiff's title and alleged that defendants owned the land in fee simple. Among other things, they

State v. Chadwick

alleged adverse possession for the requisite period. Defendants had registered a claim under G.S. 113-205. At the close of the case for the plaintiff, defendants declined to offer any evidence. The court directed a verdict in favor of the plaintiff.

Judgment was entered declaring that plaintiff owns the lands, if any, below the mean high water line within the described tract that defendants had claimed to own in fee simple.

*Attorney General Edmisten, by Special Deputy Attorney General William A. Raney, Jr., and Associate Attorney Daniel C. Oakley, for the State.*

*Frink, Foy & Gainey, by Henry G. Foy, for defendant appellants.*

VAUGHN, Judge.

[1]   G.S. 146-79, in pertinent part, is as follows:

"In all controversies and suits for any land to which the State or any State agency or its assigns shall be a party, the title to such lands shall be taken and deemed to be in the State or the State agency or its assigns until the other party shall show that he has a good and valid title to such lands in himself."

At trial defendants stipulated that they were unable to prove an unbroken chain of title connecting their deed to a deed or grant from the State. They offered no evidence of adverse possession to support their pleadings. It was, therefore, proper to direct the verdict in favor of the State. *State v. Brooks,* 279 N.C. 45, 181 S.E. 2d 553.

[2]   Defendants primarily contend that G.S. 146-79 is unconstitutional. They urge that application of the statute results in a taking of their property without compensation. We do not agree. The statute does not authorize a "taking" of property. The presumption of title in the State lasts only until the rival claimant establishes valid title in himself.

We have carefully considered the other arguments advanced by defendants and conclude that they do not persuade us that the judgment should be disturbed.

The judgment is affirmed.

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.