State v. Taylor

STATE OF NORTH CAROLINA, Plaintiff v. J. T. TAYLOR, Jr., ZACHARY TAYLOR, and GORDON H. DENTON, Defendants; and L. J. MOORE, BOY'S RANCH FOUNDATION, ALICE S. HEATH, CLIFFORD EARL HEATH, and DONNA KAREN HEATH (Minor), Additional Defendants; and SAMUEL L. WHITEHURST, Jr., Guardian Ad Litem for Donna Karen Heath (Minor), Additional Defendants; and FLOYD D. WHITE, Intervenor Defendant; and LARRY T. HEATH, Intervenor Defendant; and L. J. MOORE, Cross Complainant & Third Party Plaintiff v. STATE OF NORTH CAROLINA, Plaintiff & Third Party Defendant; and J. T. TAYLOR, Jr., ZACHARY TAYLOR, and GORDON H. DENTON, and ALICE S. HEATH, CLIFFORD EARL HEATH, and DONNA KAREN HEATH (Minor), and FLOYD D. WHITE, Third Party Defendants

No. 823SC246

(Filed 15 February 1983)

1. State § 2— State lands—presumption that title in State—constitutional

The statutory presumption created by G.S. 146-97 that, where the State is a party in a suit for any land, the title to the land shall be deemed to be in the State until otherwise shown, is constitutional.

2. Adverse Possession § 19— adverse possession under color of title against State —not 21 years

In an action instituted by the State to remove a cloud on title to certain land, one group of defendants failed to show adverse possession under color of title against the State since they first entered the land in 1968 and since the party claiming title must possess the land identified under known and visible lines and boundaries for 21 years as provided in G.S. 1-35.

3. Adverse Possession § 25.2— adverse possession under color of title against trustee—insufficient evidence

In an action instituted by the State to remove a cloud on title to certain land, one group of defendants failed to prove adverse possession under color of title against the trustee pursuant to G.S. 1-38 where they claimed color of title under a deed and where the description of the property was insufficient in that it purported to give title to "any and all other land and interest in land . . . owned by David Allison."

4. Deeds § 1— deed ineffective to convey title

A trust deed was ineffective to convey title where it lacked evidence of full execution, recordation or delivery.

5. Adverse Possession § 25.2— simple adverse possession against State—insufficient evidence

In an action by the State to remove a cloud on title to certain lands, a group of defendants failed to make a case of simple adverse possession without color of title under known and visible boundaries where the group testified that someone else had used the property and built some roads, their possession was not continuous, uninterrupted, or exclusive, and where an exchange

of deeds intended to create some title in the property was fraudulent and made with full knowledge by each party thereto that neither had any title to the land.

APPEAL by defendants from *Rouse, Judge.* Judgment entered 21 August 1981 in Superior Court, CRAVEN County. Heard in the Court of Appeals 18 January 1983.

The State of North Carolina instituted this action to remove a cloud on title to certain land located in Craven County, to restrain trespass and timber removal, and to recover damages for timber wrongfully removed. The original defendants were J. T. Taylor, Jr., Zachary Taylor, and Gordon H. Denton (Taylor Group). L. J. Moore; Boy's Ranch Foundation; and Alice S. Heath, Clifford Earl Heath, and the minor Donna Karen Heath were joined as defendants upon motion by the Taylor Group. Later, Larry T. Heath was allowed to intervene; he aligned himself with the other Heaths in what will be referred to as the Heath Group. Intervenor Floyd White and Boy's Ranch Foundation were subsequently dismissed from the case.

Each group of defendants filed answers averring that they were the owners of the tract in question. Defendant Moore's answer asserted a cross-claim against the plaintiff and the other defendants for trespass and for damages for timber removal.

The issues of title and damages were severed for separate trial. At trial before the jury on the issue of title, the court denied the motions of all defendants for a directed verdict and granted the State's motion for directed verdict at the close of all the evidence. Judgment was entered declaring the State to be the fee simple owner of the tract, consisting of 2,705.0254 acres.

Defendants Taylor Group, Heath Group and Moore appeal.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, Assistant Attorney General Roy A. Giles, Jr., and Assistant Attorney General R. Bryant Wall, for the State.*

*Henderson & Baxter, P.A., by David S. Henderson for defendant-appellants J. T. Taylor, Jr., Zachary Taylor, and Gordon H. Denton.*

*Broughton, Wilkins & Crampton, P.A., by J. Melville Broughton, Jr., for defendant-appellant L. J. Moore.*

*Jones and Wooten, by Everette L. Wooten, Jr., for defendant-appellants Alice S. Heath, Clifford Earl Heath, Larry T. Heath and Donna Karen Heath (minor).*

ARNOLD, Judge.

G.S. 146-79 provides in pertinent part:

> In all controversies and suits for any land to which the State or any State agency or its assigns shall be a party, the title to such lands shall be taken and deemed to be in the State or the State agency or its assigns until the other party shall show that he has a good and valid title to such lands in himself.

Relying upon the presumption created by G.S. 146-79, the State presented the testimony of Robert T. Newcomb, a surveyor, who surveyed the land in question and described monuments he found and those he placed on the ground; he also testified concerning an aerial photograph he prepared and a survey map delineating the boundaries of the land. On cross-examination, he testified that the land was located within the boundaries of Land Grant No. 819. This evidence was sufficient to withstand defendants' motions for a directed verdict.

[1] We hold that the defendants cannot succeed in their argument that the statutory presumption created by G.S. 146-97 is unconstitutional. The presumption is reasonable since title to all lands in North Carolina, except those previously granted by the Crown, originated from the State, and the State has ultimate title to the soil. *Moore v. Byrd*, 118 N.C. 688, 23 S.E. 968 (1896). In addition, "the statute does not authorize a 'taking' of property. The presumption of title in the State lasts only until the rival claimant establishes valid title in himself." *State v. Chadwick*, 31 N.C. App. 398, 399, 229 S.E. 2d 255, 256 (1976).

[2] Each group of defendants offered evidence in support of their claims to title. Evidence presented by the Taylor Group which they contend established their chain of title was as follows:

1. Grant No. 819 from the State of North Carolina to David Allison.

2. David Allison's death without having disposed of the lands described in Grant No. 819.

3. Trust deed dated 10 December 1908 from the Allison heirs and State Board of Education to George H. Roberts, Trustee. This deed was allegedly executed in settlement of a dispute between the Allison heirs and the State.

4. Recorded deed from Florence E. Phipps (a purported Allison heir) to E. S. English dated 1 January 1967.

5. Special Partition Proceeding No. N-1-232.

6. Recorded deed from Bernard B. Hollowell, Commissioner to E. S. English dated 17 November 1967.

7. Recorded deed from E. S. English to G. H. Denton dated 13 December 1967.

8. Recorded deed from G. H. Denton to Zachary Taylor dated 24 June 1968.

9. Adverse possession by the defendants Taylor and Denton.

The Taylors contend that the State was divested of title by virtue of the trust deed dated 10 December 1908; thereafter, the remaining deeds constituted color of title in defendants Taylor and Denton.

These arguments fail for several reasons. Chiefly, to claim title to land through adverse possession under color of title against the State, the party claiming title must possess the land identified under known and visible lines and boundaries for 21 years as provided in G.S. 1-35. Since the Taylor Group first entered the land in 1968, clearly they have not possessed the land for the requisite period of time against the State.

[3] Having failed to prove adverse possession against the State, the Taylors attempt to prove adverse possession under color of title against the trustee and reap the benefit of the shorter seven year possession period provided in G.S. 1-38. Again, the Taylors fail.

The description in the Phipps deed upon which the Taylors rely to claim title to the entire tract in question reads:

Beginning at the George Pollock Patent beginning corner and runs west 1805 feet; then East 815 feet to a branch; then down said branch to the beginning, containing 15½ acres.

And any and all other land and interest in land within Craven County, North Carolina, owned by David Allison at the time of his death . . . .

The Taylors cannot claim color of title to "any and all other land and interest in land . . . owned by David Allison" due to the insufficiency of the description and the lack of any reference to some source from which the deficiency in the description may be supplied. *Carrow v. Davis*, 248 N.C. 740, 105 S.E. 2d 60 (1958). Furthermore, the deed from English to Denton refers to the Hollowell deed, which conveys those lands particularly described in the Phipps deed. The words *"particularly described,"* given their ordinary, natural and customary meaning, operated to convey only the 15½ acre tract, and not the lands involved in this action.

Moreover, the Taylor Group presented the testimony of Bryant Wall, Assistant Attorney General, that he found a sheriff's deed to the Governor of North Carolina dated 25 September 1801, conveying the lands covered by Grant No. 819 to the State.

[4] Defendant Moore offered evidence of a chain of title based upon the 1908 trust deed common to the Taylor chain. However, the 1908 trust deed was ineffective to convey title since it lacked evidence of full execution, recordation or delivery. Moore made no claim of title by possession.

[5] The Heath Group offered evidence in support of their claims to title through adverse possession.

Larry Heath testified that he bought land next to the lands in question in 1943 and allowed his cattle to roam onto the lands in question "a good long ways." He fenced the land he bought and part of the lands in question but the fence did not go "all the way around." He cut timber along the edges of the property in question every year for 15 to 20 years, beginning in or about 1945 and again in 1965. He built some roads on the property after 1958 and gave the Forestry Service permission to run fire lanes across the property in the early 1960's. He paid taxes on 500 acres of the property, beginning with a payment for five years back taxes in

1958 and every year thereafter until 1969, when he and his brother Earl were restrained from entering the property by a temporary restraining order. After the temporary restraining order was lifted, he reentered the property and continued to graze livestock, cut timber and build roads. Others testified that they observed the Heath brothers carry on these activities on the property.

The Heath Group's evidence fails to make a case of simple adverse possession without color of title under known and visible boundaries. Heath testified that someone else had used the property and built some roads. Heath also testified on cross-examination that he and his brother gave a deed for the property to a Mr. H. D. Dickerson of Durham County in 1965. He was getting "fed up with the property" because "it had been nothing but trouble for me, and the best thing for me to do was to get out of it." The Heaths' possession was, therefore, not continuous, uninterrupted, or exclusive.

Heath also testified that he and his brother Earl exchanged deeds for the property in 1958 in an attempt to create some title to the property. This exchange of deeds was fraudulent and made with full knowledge by each party thereto that neither had any title to the land. Larry Heath testified:

Earl knew when he gave me his deed and I knew when I received it that Earl didn't own that property. Earl knew when I gave him my deed, and when he received it, that I didn't own the property described in that deed.

Exchange of those deeds cannot constitute color of title. In order for a deed to constitute color of title, the grantee must enter the land under the deed *in good faith. Trust Co. v. Parker,* 235 N.C. 326, 69 S.E. 2d 841 (1952). Good faith entry under the deed is lacking here.

Each group of defendants failed to present sufficient evidence in support of their claims to title. Therefore the granting of a directed verdict in favor of the State was proper.

We have reviewed the contentions of the Taylor Group that the trial court erroneously excluded certain testimony and find no prejudicial error.

The contention of the Heath Group that evidence of seven years adverse possession under color of title or twenty years adverse possession not under color of title is sufficient to rebut the presumption created by G.S. 146-79 is also without merit.

For the foregoing reasons, the judgment of the trial court is

Affirmed.

Judges HILL and WHICHARD concur.