STATE OF NORTH CAROLINA v. J. T. TAYLOR, JR., J. H. SIMPSON, AND HARRELL M. CARPENTER

No. 823SC419

(Filed 19 July 1983)

1. **Trespass to Try Title § 2— constitutionally valid presumption that State has title to otherwise unclaimed lands**

G.S. 146-79 which creates a presumption that the State has title to otherwise unclaimed land is valid and constitutional. Since title to land is originally acquired from the State, it is reasonable to assume that, absent proof otherwise, title to any parcel within its boundaries reposes there.

2. **Trespass to Try Title § 4— sufficiency of evidence**

In an action in which the State asserted ownership of certain lands, defendant failed satisfactorily to prove good and valid title in and to himself, and thus rebut the presumption raised by G.S. 146-79 that the State owned the land in question.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 12 November 1981[1] in Superior Court, CRAVEN County. Heard in the Court of Appeals 8 March 1983.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen and Assistant Attorney General R. Bryant Wall, for plaintiff appellee.*

*Henderson & Baxter, P.A., by David S. Henderson and Nelson W. Taylor, III, for defendant appellant.*

1. The judgment was signed 26 October 1981 out of session and out of district with the parties' consent.

BECTON, Judge.

I

This controversy concerns the title to a large tract of timberland in Craven County, North Carolina.

Plaintiff, the State of North Carolina (State) filed suit against the defendants, J. T. Taylor, Jr., J. H. Simpson, and Harrell M. Carpenter on 1 May 1978. The State alleged that it owns the tract in question, that defendants committed acts of trespass on the tract, and prayed for an adjudication of title, an order restraining defendants from further trespass, and damages. Defendants Taylor and Carpenter each answered and denied the material allegations of the State's complaint; defendant Simpson failed to file any responsive pleadings, and judgment for default was entered against him. Defendant Carpenter did not appear at trial and did not present evidence. Taylor was thus the sole defendant at trial and appears in this Court alone.

Taylor was allowed to amend his answer to add a constitutional challenge to N. C. Gen. Stat. § 146-79 (1983) on the ground that the statute raises an impermissible presumption of title in the State in violation of the Equal Protection and Law of the Land Clauses of the United States and North Carolina Constitutions, respectively, since the presumption shifts the burden of proof of title to the party in possession of the tract.

A trial was held before the Honorable Julius A. Rousseau, sitting without a jury, in Craven County Superior Court on 14 September 1981. Taylor moved for dismissal of the State's case pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b) (1969) at the conclusion of the State's case in chief. That motion was denied. At the conclusion of all the evidence, the trial court found facts and concluded, as a matter of law, that G.S. § 146-79 creates a valid presumption that the State has title to otherwise unclaimed lands, and that Taylor failed to prove, by a preponderance of the evidence, that he had title superior to that of the State. The trial court then decreed that the State had title free of Taylor's claim, permanently enjoined Taylor from entering the tract, taxed costs against Taylor, and retained the matter for a later determination of the damages issue. Taylor appealed.

## II

Taylor brings forth nineteen (19) assignments of error and makes twelve (12) arguments on appeal. However, we find that his contentions present just two (2) dispositive issues for our review: First, whether the trial court erred when it rejected Taylor's constitutional attack on G.S. § 146-79; and second, if the statute is valid, whether defendant successfully proved that he has valid title to the lands in question. For the reasons that follow, we affirm the judgment of the trial court.

## III

[1]   *G.S. § 146-79*

The portion of the statute pertinent here reads:

> In all controversies and suits for any land to which the State or any State agency or its assigns shall be a party, the title to such lands shall be taken and deemed to be in the State or the State agency or its assigns until the other party shall show that he has a good and valid title to such lands in himself.

Taylor argues that because this is an action to quiet title, the State, but for the statute, would have the burden to prove title in itself. The sovereign, as other plaintiffs, should have to rely on the strength of its own title.

Although this argument is more properly denominated a due process attack, we note that the operation of G.S. § 146-79 does not effect an uncompensated taking. *See, State v. Chadwick,* 31 N.C. App. 398, 229 S.E. 2d 255 (1976).

Taylor fares no better on his burden of proof argument. As early as 1896 North Carolina courts recognized that the Legislature has the power to change the burden of proof imposed at common law. *Moore v. Byrd,* 118 N.C. 688, 23 S.E. 968 (1896). The Legislature has virtually untrammeled authority to codify and change the rules of evidence so long as due process is accorded and no other constitutional provisions are infringed. 1 *Brandeis on North Carolina Evidence* § 6 (2d rev. ed. 1982). Further, our courts have consistently held that presumptions are lawful so long as there is a rational connection between the fact to be proven and the facts which provide the basis for the presumption.

*See, e.g., State v. McAuliffe,* 22 N.C. App. 601, 207 S.E. 2d 1, *cert. denied and appeal dismissed,* 285 N.C. 762, 209 S.E. 2d 286 (1974) (possession to distribute presumed from possession of over 5 grams of marijuana). This is especially so when, as here, the presumption created by the statute is rebuttable and not conclusive: "The presumption of title in the State lasts only until the rival claimant establishes valid title in himself." *State v. Chadwick,* at 399, 229 S.E. 2d at 256.[2]

That there is a rational connection between the fact to be proven (State's ownership) and the underlying facts (State a party to the title action) is not in doubt. The State has the ultimate title to the soil.

> Upon the Declaration of Independence, the people of the original thirteen states succeeded to all rights of the Crown and became the owners of all lands within the limits of the state which had not been granted to others, and the same principle held true with respect to later admitted states; title to vacant, ungranted lands in them vested in the states. The presumption is, therefore, that the people of these states own all lands which have never been granted by them, until the contrary appears.

72 Am. Jur. 2d, *States, Territories, and Dependencies,* § 66 (1974); *Moore v. Byrd.* Since title to land is originally acquired from the State, it is reasonable to assume that, absent proof otherwise, title to any parcel within its boundaries reposes there. We therefore find unpersuasive defendant's argument that G.S. § 146-79 creates a constitutionally impermissible presumption of title in the State, and expressly hold that it passes constitutional muster. *Accord, State v. J. T. Taylor, et al.,* 60 N.C. App. 673, 300 S.E. 2d 42 (1983).

## IV

*Title*

[2] In an action to try title, the party with the burden of proof (Taylor, in the case *sub judice*) must make at least a *prima facie* showing of title, one method of which is by the offer of a con-

---

2. *See generally, State v. Brooks,* 279 N.C. 45, 181 S.E. 2d 553 (1971) (good discussion of the legislative history of G.S. § 146-79).

nected chain of title from the State to himself. *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889). Taylor elected this method at trial. Although Taylor may have shown a connected chain of title from the State in and to himself, considering the Statute of Uses, we need not reach that issue.

Assuming, *arguendo,* that the documents of record offered by Taylor constitute a connected chain, he nevertheless failed to pull the "laboring oar." It is axiomatic that the description contained in the record documents must include the tract claimed. That identity of description and tract is missing here.

The trial court found, and there is support in the record for its finding, *inter alia,* that the plat offered *sub judice* was based neither on "an actual survey of the property at that time," nor research of filed land records. Rather, the plat and description based thereon were so inaccurate that "it would be impossible to locate the boundaries of [the tract in question] on the ground independent of other information regarding its location." Because the court below sat as fact finder, and competent evidence was adduced at trial to support its findings, we are bound thereby, and the conclusions based thereon must be affirmed. *Ayden Tractors v. Gaskins,* 61 N.C. App. 654, 301 S.E. 2d 523 (1983).

We therefore hold that Taylor failed satisfactorily to prove good and valid title in and to himself, and thus to rebut the presumption raised by G.S. § 146-79 that the State owns the land in question.

V

Because of the result reached in part IV of this opinion we find it unnecessary to address any of defendants' other arguments. Accordingly, the decision of the trial court is

Affirmed.

Judges ARNOLD and PHILLIPS concur.