IN THE MATTER OF: HUYCK CORPORATION, PLAINTIFF v. C. C. MANGUM, INC., DEFENDANT AND THIRD PARTY PLAINTIFF v. PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INC., THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND THE STATE OF NORTH CAROLINA, THIRD PARTY DEFENDANTS

No. 524A82

(Filed 6 December 1983)

1. State § 4.3— action for funds due under highway construction contract—failure to exhaust administrative remedies

The superior court had no jurisdiction over a highway contractor's third-party action against the State and the Department of Transportation for wrongful withholding of funds under a highway construction contract where the contractor had not exhausted its administrative remedies before the State Highway Administrator as required by G.S. 136-29, since the statute requires that certain administrative remedies be pursued as conditions precedent to a civil suit.

2. State § 4.3— action for monies due under highway construction contract—validity of statute

The statute concerning claims against the State for monies allegedly due pursuant to highway construction contracts does not offend the constitutional guarantee to trial by jury.

3. State § 4.3— claim against State for indemnification—jurisdiction of superior court

The superior court had jurisdiction of a highway contractor's third-party claim against the State and the Department of Transportation for indemnification in a negligence action against the contractor where the highway construction contract was alleged to be the basis for the duty of the State and the Department of Transportation to remove certain gas pipelines ruptured by the contractor but the claim for indemnification arose out of the operation of tort law and was not based on the contract.

Justices MARTIN and FRYE did not participate in the consideration or decision of this case.

APPEAL of right from a decision by a divided panel of the Court of Appeals, 58 N.C. App. 532, 293 S.E. 2d 846 (1982), affirming the decision of *Judge Brannon,* presiding in the Superior Court for WAKE County. *See* N.C. Gen. Stat. § 7A-30(2) (1981).

*Rufus L. Edmisten, Attorney General, by Evelyn M. Coman, Assistant Attorney General, for the North Carolina Department of Transportation and the State of North Carolina, third-party defendant appellants.*

*Spears, Barnes, Baker & Hoof by Alexander H. Barnes; and Hatch, Little, Bunn, Jones, Few & Berry by John B. Ross, for third-party plaintiff appellee.*

EXUM, Justice.

This appeal involves the interpretation of N.C. Gen. Stat. § 136-29, which permits claims against the State of North Carolina for monies allegedly due pursuant to highway construction contracts. We must determine how this statute applies to third-party claims against the State in a negligence action against the third-party plaintiff, a highway construction contractor, when these third-party claims seek both indemnification from the State and payment of monies allegedly due the third-party plaintiff under the highway construction contract.

I.

Plaintiff, Huyck Corporation, instituted a civil action seeking $32,155.37 compensatory and $50,000 punitive damages for the negligence of defendant-appellee, C. C. Mangum, Inc. (hereinafter Mangum). Mangum ruptured natural gas pipelines in the vicinity of plaintiff's manufacturing plant, causing plaintiff to discontinue operations on two occasions. At the time of its allegedly negligent conduct, Mangum was performing under a contract with the North Carolina Department of Transportation (hereinafter DOT) to do construction work on United States Highway 1, north of Raleigh.

After Huyck commenced its action, Mangum filed a third-party complaint against the State and DOT (hereinafter ap-

pellants),[1] seeking both indemnification for its liability, if any, to Huyck and $250,000 as "liquidated delay damages withheld from it by DOT."[2] The Superior Court for Wake County denied motions by appellants to dismiss based upon lack of jurisdiction and sovereign immunity. The Court of Appeals affirmed by a divided panel. This appeal followed.

## II.

[1] We first consider Mangum's claim for wrongful withholding of funds by appellants, apparently pursuant to the contract's liquidated damages provision. This claim, as we understand the allegation, is based on the terms of the contract. As an action on the contract, it is governed by the applicable statute. That statute provides, in pertinent part, that

> (a) Upon the completion of any contract for the construction of any State highway awarded by the Department of Transportation to any contractor, if the contractor fails to receive such settlement as he claims to be entitled to under his contract, he may, within 60 days from the time of receiving his final estimate, submit to the State Highway Administrator a written and verified claim for such amount as he deems himself entitled to under the said contract setting forth the facts upon which said claim is based. In addition, the claimant, either in person or through counsel, may appear before the State Highway Administrator and present any additional facts and argument in support of his claim. Within 90 days from the receipt of the said written claim or within such additional time as may be agreed to between the State Highway Administrator and the contractor, the State Highway Administrator shall make an investigation of said claim and may allow all or any part or may deny said claim and shall have the authority to reach a compromise agreement with

---

1. Mangum also filed a third-party complaint against Public Service Company of North Carolina, but it is not a party to this appeal and this aspect of the case is not before us.

2. The record contains no copy of the highway construction contract. Our analysis as it pertains to the contract is based solely on the parties' allegations about it. Thus, we express no opinion regarding the effect of or procedural methods of enforcing any contractual provision whereby the state indemnifies Mangum for liability incurred pursuant to performance of the contract.

the contractor and shall notify the contractor in writing of his decision.

(b) As to such portion of the claim as is denied by the State Highway Administrator, the contractor may, within six (6) months from receipt of said decision, institute a civil action for such sum as he claims to be entitled to under said contract by the filing of a verified complaint and issuance of summons in the Superior Court of Wake County or in the superior court of any county wherein the work under said contract was performed. The procedure shall be the same as in all civil actions except as herein and as hereinafter set out.

(c) All issues of law and fact and every other issue shall be tried by the judge, without a jury . . . .

N.C. Gen. Stat. § 136-29 (1981). Section 136-29(b) plainly provides that Mangum can maintain his contract claim only after the State Highway Administrator has rendered a decision denying its claim.

Although Mangum does not dispute that it has failed to follow this course,[3] it suggests that the statute is permissive, not mandatory.[4] In other words, the administrative action is merely an option in lieu of, rather than a condition precedent to a court action. We disagree. The statutory language belies that contention by stating that the presentation of a "claim to the State Highway Administrator . . . shall be a condition precedent to bringing [a court] action under this" statute. N.C. Gen. Stat. § 136-29(d).

We have previously considered this situation regarding a very similar statute and find that decision controlling in this instance. *Middlesex Construction Corp. v. The State of North*

3. Mangum contends that the requirement of first pressing a claim with the State Highway Administrator was not included in its contract with the DOT. The statute itself, however, incorporates these provisions into every highway construction contract. *See* N.C. Gen. Stat. § 136-29(e) (1981).

4. Mangum argues that if the provision dealing with claims before the State Highway Administrator is mandatory, then it denies Mangum due process and equal protection by denying Mangum's recourse to the courts to enforce the contract. This contention fails to recognize that the administrative procedure is a condition precedent to rather than a substitute for a judicial action. Mangum may maintain an action in court after exhausting its administrative remedies.

*Carolina ex rel. State Art Museum Building Commission,* 307 N.C. 569, 299 S.E. 2d 640 (1983). In *Middlesex,* we held that the statute authorizing civil actions on state contracts for construction or repair work governed when and how such actions could be maintained. The legislature determines under what circumstances the state may be sued. *Id.* at 573-75, 299 S.E. 2d at 642-44. That statute, like the one *sub judice,* requires that certain administrative remedies be pursued as conditions precedent to a civil suit. *See* N.C. Gen. Stat. § 143-135.3 (1983).

We conclude here, as we did in *Middlesex,* that the legislature could not have made its intention clearer. Before a party may pursue a judicial action against the state for money claimed to be due under a highway construction contract, it must first pursue its administrative remedies. *Presnell v. Pell,* 298 N.C. 715, 721, 260 S.E. 2d 611, 615 (1979).

**[2]** Mangum also asserts that the statute abrogates its right to trial by jury. The North Carolina Constitution guarantees a trial by jury. *See* N. C. Const. art. I, § 25. But that guarantee applies only where the prerogative existed at common law or by statute at the time the Constitution was adopted. *In re Wallace,* 267 N.C. 204, 207, 147 S.E. 2d 922, 923 (1966). Prior to the enactment of this statute, and certainly at common law, Mangum could not institute this action against the state due to the doctrine of sovereign immunity. The right itself was created by this statute which never intended nor provided for a trial by jury. Therefore, the statute does not offend the constitutional guarantee to trial by jury.

Mangum has not exhausted its administrative remedies. The trial court had no jurisdiction over its third-party action for wrongful withholding of funds. Accordingly, the Court of Appeals erred in affirming the trial court's denial of appellants' motion to dismiss Mangum's third-party claim for wrongful withholding of funds under the contract. The dismissal shall be without prejudice to Mangum to file a new claim within one year of the filing of this opinion, which claim shall otherwise comply with N.C. Gen. Stat. § 136-29. *See Middlesex,* 307 N.C. at 575, 299 S.E. 2d at 644.

III.

**[3]** We next consider the validity of Mangum's third-party action for indemnity against appellants. Although Mangum alleges the DOT's "breach of warranty" and "breach of contract" in support

of its claim for indemnity, the claim more clearly sounds in tort. The third-party complaint alleges the state failed to remove the natural gas pipelines:

> In the event the court should determine that C. C. Mangum is liable to Huyck Corporation because its machinery ruptured said gas lines at either location on either occasion, C. C. Mangum was exposed to such liability by the Department of Transportation's breach of its warranty to C. C. Mangum and its failure to move such lines as promised and C. C. Mangum is entitled to indemnification from the Department of Transportation and the State of North Carolina for any sum which C. C. Mangum might be adjudged liable to Huyck Corporation herein.

These allegations evolve from basic tort principles for indemnification.

Negligence may arise from an act or omission when a duty to act falls upon a party. That party's obligation or duty to act may flow from explicit requirements, *i.e.,* statutory or contractual, or may be implied from attendant circumstances. *See Wilson v. Lowe's of Asheboro Hardware, Inc.,* 259 N.C. 660, 131 S.E. 2d 501 (1963). When a contract induces the act or omission, it creates "the state of things which furnishes the occasion of the tort, and in all such cases the remedy is an action on the case." *Jackson v. Central Torpedo Company,* 117 Okla. 245, 247, 246 P. 426, 428 (1926), *quoted with approval in Peele v. Hartsell,* 258 N.C. 680, 129 S.E. 2d 97 (1963). Regardless of its source, a duty to act subjects a party to liability for the failure to use due care in acting upon that duty. *See Pinnix v. Toomey,* 242 N.C. 358, 87 S.E. 2d 893 (1955).

Tort law provides for indemnity of one secondarily liable by one who is primarily liable. "The law permits an adjudication in one action of primary and secondary liability between joint tortfeasors who are not *in pari delicto.* A defendant secondarily liable may have the tortfeasor primarily liable brought into the action by alleging a cross action for indemnification against him." *Edwards v. Hamill,* 262 N.C. 528, 530-31, 138 S.E. 2d 151, 153 (1964).

The theory of Mangum's third-party claim for indemnification seems to be this: Appellants had the primary duty to move the

gas pipelines, and they failed to do so. Appellants' failure to move the pipelines is the primary cause, and Mangum's rupturing the pipes the secondary cause, of the resulting damages. Therefore, Mangum's liability to Huyck is secondary to appellants. Thus, Mangum alleges a claim for indemnification arising out of operation of tort law. The highway construction contract is alleged to be the basis for appellants' duty to remove the pipes, but it is not alleged to be the basis for appellants' obligation to indemnification by Mangum. The highway construction contract claims statute has no application to this claim for indemnification.

Since the state may be joined as a third-party defendant in a tort action for indemnification in the state courts, *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 332, 293 S.E. 2d 182, 187 (1982), the Court of Appeals properly affirmed the trial court's denial of appellants' motion to dismiss for lack of jurisdiction of this claim.

We express no opinion on the validity of Mangum's theory or whether, even if valid, the theory will be supported by the facts developed at trial.

For the reasons stated herein, the decision of the Court of Appeals is affirmed in part and reversed in part. The matter is remanded to that court with instructions to remand to the superior court for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part; and remanded.

Justices MARTIN and FRYE did not participate in the consideration or decision of this case.