STATE OF NORTH CAROLINA v. J. T. TAYLOR, JR., J. H. SIMPSON AND HARRELL M. CARPENTER

No. 317A87

(Filed 2 June 1988)

State § 4; Betterments § 1 — betterments claim — not claim of title — sovereign immunity applies

    The State was entitled to the full protection of sovereign immunity in an action for betterments in which the issues of title and damages had previously been severed because N.C.G.S. § 41-10.1 permits a claim of title to land to be brought against the State and a betterments claim is not a claim of title.

    Chief Justice EXUM dissenting.

    Justice WEBB joins in this dissenting opinion.

APPEAL by the State pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals. *State v. Taylor*, 85 N.C. App. 549, 355 S.E. 2d 169 (1987). That decision affirmed in part and reversed in part the trial court's 1 July 1985 order dismissing both the State's sovereign immunity defense and its untimely filed defense to defendant's betterments petition and its 14 April 1986 order dismissing the betterments claim itself, which orders were entered in Superior Court, CRAVEN County, by *Reid, Jr.*, and *Phillips, JJ.* We allowed the State's petition for discretionary review on 28 July 1987. Heard in the Supreme Court 15 March 1988.

*Lacy H. Thornburg, Attorney General, by T. Buie Costen, Special Deputy Attorney General, for the State-appellant.*

*Nelson W. Taylor, III, for defendant-appellee J. T. Taylor, Jr.*

MEYER, Justice.

In this case, we address the issue of the State's sovereign immunity defense to a betterments claim for improvements made to

certain timberland in Craven County, North Carolina. Contrary to the Court of Appeals' conclusion, we hold that under the facts of this case, the State is shielded by its sovereign immunity from Taylor's claim for betterments. We therefore reverse the Court of Appeals on this issue.

On 20 January 1971, defendant J. T. Taylor, Jr. ("Taylor") obtained from the Brandenburg Land Company ("Brandenburg") a deed for a tract of timberland in Craven County. After receiving and recording his deed, Taylor acquired a right-of-way, built an access road, cleared a large portion of the land and sold the timber therefrom. He allegedly constructed roads and a canal, converted 157 acres of the property to farmland and planted 12.5 acres with pine seedlings.

On 1 May 1978 the State of North Carolina filed suit against Taylor and others, alleging that it owned the land and that the defendants were trespassing thereon. The State sought to eject the defendants and to require them to pay damages to the State.

The trial court severed the issues of title and damages for trial. On 12 November 1981 the trial court entered judgment for the State on the issue of title and permanently enjoined Taylor from going on the land. Taylor appealed. The Court of Appeals affirmed the trial court. This Court denied Taylor's petition for discretionary review and his subsequent petition for reconsideration. *State v. Taylor*, 63 N.C. App. 364, 304 S.E. 2d 767 (1983), *disc. rev. denied*, 310 N.C. 311, 312 S.E. 2d 655, *reconsideration denied*, 310 N.C. 311, 313 S.E. 2d 160 (1984). The original damages issue is still pending.

The denial of Taylor's petition for reconsideration was entered on 6 March 1984. Some ten months later, on 14 January 1985, Taylor filed a petition for betterments under N.C.G.S. § 1-340 seeking $300,000 for improvements he had allegedly made to the State's land. The State filed a response setting forth its claim of sovereign immunity as a complete defense and contending both that Taylor's betterments petition was not timely filed and that in any event it failed because Taylor did not have color of title to the land when he made the improvements.

On 1 July 1985 the trial court dismissed the State's defenses of sovereign immunity and untimely filing of the betterments

petition. On 16 April 1986 the trial court dismissed Taylor's betterments claim on the ground that the Brandenburg-Taylor deed did not constitute color of title as a matter of law. Taylor appealed. The State cross-assigned error to the order dismissing its defenses of sovereign immunity and untimely filing. The Court of Appeals majority resolved all three issues in favor of Taylor. One judge dissented on the issue of sovereign immunity. It is that issue alone that is before us as a matter of right. The State petitioned for discretionary review on the issues of untimely filing and color of title, which petition we allowed on 27 July 1987.

The State of North Carolina is immune from suit unless and until it expressly consents to be sued. Absent consent or waiver, this immunity is absolute and unqualified. *General Electric Co. v. Turner*, 275 N.C. 493, 498, 168 S.E. 2d 385, 389 (1969). The State has, however, waived its sovereign immunity to suits involving "claims of title to land."

> Whenever the State of North Carolina . . . asserts a claim of title to land which has not been taken by condemnation and any individual . . . likewise asserts a claim of title to the said land, such individual . . . may bring an action in the superior court . . . against the State . . . for the purpose of determining such adverse claims.

N.C.G.S. § 41-10.1 (1984).

The specific phrase at issue in N.C.G.S. § 41-10.1 is "claim of title to land." A betterments claim is not a "claim of *title* to land." It is, instead, a claim demanding payment for *permanent improvements* to the land over and above the value of the use and occupation of the land. N.C.G.S. § 1-340 (1983). Indeed, the betterments statute is not part of the Chapter of the General Statutes, chapter 41, entitled *Estates*, which includes the waiver of the State's sovereign immunity with regard to trying *title* to land where the State claims an interest. In the case *sub judice*, the issue of title was severed from the issue of the State's claim for damages against Taylor. Title to the land was settled in the State by the trial court on 12 November 1981, which action was affirmed by the Court of Appeals. This Court then denied Taylor's petition for discretionary review and his petition for reconsideration. Taylor at that point had exhausted his right of appeal on the issue of title. Title to the land was properly vested

in the State. As the dissenting judge in the Court of Appeals correctly noted, "[t]his [present case] is not [one] where, in the words of G.S. 41-10.1, 'the State of North Carolina or any agency or department thereof asserts a claim of title to land.' " The claim here is solely one for betterments.

N.C.G.S. § 1-340 provides in pertinent part:

> A defendant against whom a judgment is rendered for land may, at any time before execution, present a petition to the court rendering the judgment, stating that he, or those under whom he claims, while holding the premises under a color of title believed to be good, have made permanent improvements thereon, and praying that he may be allowed for the improvements, over and above the value of the use and occupation of the land.

N.C.G.S. § 1-340 (1983). Taylor argues that N.C.G.S. § 1-340 mandates that payment for betterments is a part of the plaintiff's action of claim of title to land, not an independent action or counterclaim. *Wharton v. Moore,* 84 N.C. 479 (1881). Taylor contends that the issue of betterments arose when the State instituted its action against him. Once the suit was begun, he argues, a concomitant part of it was the payment for improvements under N.C.G.S. § 1-340, so that the State could not bring the action without giving rise to the obligation to pay for betterments. The obligation, he argues, became a part of the State's claim of title. The Court of Appeals majority agreed with Taylor. Based on the reasoning that since a claim for betterments can arise only "by virtue of" a claim of title, the majority held that a claim for betterments is a "claim of title" as that term is used in N.C.G.S § 41-10.1. Therefore, the Court of Appeals majority concluded that Taylor's claim for betterments was not barred by sovereign immunity.

In broadening the scope of the waiver of sovereign immunity in N.C.G.S. § 41-10.1 so as to permit a betterments action against the State, the Court of Appeals majority erred.

Sovereign immunity is a common law doctrine to which the existing exceptions or waivers have been mandated by the legislature. *Huyck Corp. v. C.C. Mangum, Inc.,* 309 N.C. 788, 309 S.E. 2d 183 (1983). *See, e.g.,* N.C.G.S. § 40-10.1 (1984); N.C.G.S. § 143-291 (1987). Statutes which waive the benefits of the doctrine of

sovereign immunity are to be strictly construed. *Guthrie v. State Ports Authority*, 307 N.C. 522, 299 S.E. 2d 618 (1983); *Floyd v. Highway Commission*, 241 N.C. 461, 85 S.E. 2d 703 (1955). Applying this admonition here, the phrase "claim of title to land" contained in N.C.G.S. § 41-10.1 cannot be broadened to include a claim for betterments under N.C.G.S. § 1-340. The betterments statute does not, by its terms, create a right against the State. All waivers of sovereign immunity are statutorily created. *Huyck Corp. v. C.C. Mangum, Inc.*, 309 N.C. 788, 309 S.E. 2d 183. N.C.G.S. § 40-10.1 is such a waiver. Had the legislature intended to create a concomitant waiver with regard to claims for betterments under N.C.G.S. § 1-340 when the State asserts a "claim of title to land," it could have done so in plain language. It did not. There is no waiver of the State's sovereign immunity in N.C.G.S. § 1-340.

Taylor mistakenly relies upon *Mattox v. State*, 21 N.C. App. 677, 205 S.E. 2d 364 (1974). In *Mattox*, the plaintiff originally claimed, and brought an action to enforce, a reverter provision in a deed. He was ultimately successful. He subsequently brought a second action for damages based upon loss of rents. Since title had been earlier settled, the Court of Appeals correctly ruled against him on the question "whether the plaintiffs may bring an action for damages under the statutory provisions of G.S. 41-10.1." *Id.* at 679, 205 S.E. 2d at 365. In *Mattox*, as in the case before us, title had been settled, so that under the statute the State was not asserting a "claim of title to land."

Construing N.C.G.S. § 41-10.1 strictly, as we must, *Guthrie v. State Ports Authority*, 307 N.C. 522, 299 S.E. 2d 618, we hold that a claim for betterments is not a claim of title to land. The State therefore has not consented to be sued and is entitled to the full protection of its sovereign immunity. On this issue, the Court of Appeals is reversed.

In view of our disposition of this case on the issue of the State's sovereign immunity, we do not address the two additional issues before us on discretionary review.

Reversed.

Chief Justice EXUM dissenting.

Believing that the trial court and the Court of Appeals correctly concluded that the state was not entitled to rely on sovereign immunity to defeat a claim for betterments in an action to try title successfully prosecuted by the state, I respectfully dissent from the majority's conclusion to the contrary and vote to affirm the decision of the Court of Appeals.

A claim for betterments is not a separate action in the nature of an action for damages against one who successfully prosecutes an action for title to real property. It is, instead, a petition filed in the cause itself. The purpose of the betterments doctrine is to prevent the successful title claimant from being unjustly enriched by taking not only the title but also the value of permanent improvements made to the land in good faith by the one who loses title. The one who loses title may recover for betterments only when (1) the improvements are permanent in nature and made under a bona fide belief that the improver had good title, and (2) reasonable grounds for such belief existed. N.C.G.S. § 1-340 (1983); *Pamlico County v. Davis*, 249 N.C. 648, 107 S.E. 2d 306 (1959). The betterments doctrine is rooted in the equitable notion that one who successfully claims title to realty from another who held the land in a good faith belief that he owned it ought to pay for the permanent improvements which will be acquired with the title. Otherwise the successful title claimant will be unjustly enriched and the good faith improver unjustly deprived to the extent of the value of the improvements.

> This right to betterments is a doctrine that has gradually grown up in the practice of courts of equity . . . . [I]t may now be considered as an established principle of equity that whenever a plaintiff seeks the aid of a court of equity to enforce his title against an innocent person, who has made improvements on land, without notice of superior title, believing himself to be the absolute owner, aid will be given to him, only upon the terms that he shall make due compensation to such innocent person to the extent of the enhanced value of the premises, by reason of the meliorations or improvements, upon the principle that he who seeks equity must do equity.

*Wharton v. Moore*, 84 N.C. 479, 482 (1881).

When the doctrine of betterments is so understood, it seems clear that sovereign immunity should not relieve the state from its equitable obligation to pay for permanent improvements to realty it receives when it successfully prosecutes an action for title to the realty. To apply sovereign immunity to relieve the state from this kind of obligation skirts dangerously close to depriving a citizen of property without due process of law. The state takes but it does not pay.

Since the doctrine of sovereign immunity is of the common law, it is this Court's province to say how it will be applied or whether it will be applied at all. *Smith v. State*, 289 N.C. 303, 222 S.E. 2d 412 (1976). I would not apply it to defeat a citizen's claim for betterments in an action for title brought by the state.

This result may be reached by the application of at least three legal theories, all of which seem equally appropriate. The first is that a betterments claim is not a claim against the state to which the doctrine of sovereign immunity properly applies. To enforce a betterments claim against the state does not mean that the state must pay out public funds without receiving concomitant benefits; it means, rather, that the state must pay only for what, at its own instance, it demands and receives. The doctrine of sovereign immunity is a shield against payments of the former kind, not a sword to cut off a citizen's right to be paid for what the state takes.

The second is that when the state brings an action for title to realty, it impliedly waives the benefits of sovereign immunity as to whatever claim for betterments may be shown and consents to pay this claim. We held in *Smith* that sovereign immunity would not be available to the state as a defense to a contract action against it, concluding that, "whenever the State . . . enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." 289 N.C. at 320, 222 S.E. 2d at 423-24. The Court in *Smith* felt that since the state had voluntarily obtained the services of the other contracting party it was simply unfair to preclude that party via the doctrine of sovereign immunity from having any recourse against the state for the state's alleged breach of the agreement. So it is with the state's voluntary decision to institute against a citizen an action for title to realty. If the state prevails

it is unfair to absolve the state from its equitable obligation under the betterments doctrine to pay the citizen who loses title for the permanent improvements to the realty which the state receives.

Finally, I think N.C.G.S. § 41-10.1 (1984) should be interpreted, as the Court of Appeals interpreted it, to constitute an express waiver of sovereign immunity as a defense to a claim for betterments in an action for title brought by the state.

My position is consistent with the result in *Pamlico County v. Davis*, 249 N.C. 648, 107 S.E. 2d 306. Counties in North Carolina enjoy sovereign immunity. *Guthrie v. Ports Authority*, 307 N.C. 522, 299 S.E. 2d 618 (1983). Although the sovereign immunity point was not raised, we nevertheless in *Davis* upheld, under the betterments doctrine, a jury award for the defendant against Pamlico County, which had successfully prosecuted its action for title.

Justice WEBB joins in this dissenting opinion.