COASTLAND CORPORATION, Petitioner v. NORTH CAROLINA WILDLIFE
RESOURCES COMMISSION, Respondent

No. COA98-1068

(Filed 20 July 1999)

**1. Partition— proceeding against State—subsequent eminent domain filing by State—partition moot**

A petition to partition land jointly owned with the State was rendered moot where the State subsequently filed an eminent domain proceeding (determined in a companion case to be a proper exercise of the State's condemnation powers).

**2. Governmental Immunity— partition proceeding—not barred by sovereign immunity**

Though not necessary to the decision, the Court of Appeals held that sovereign immunity does not bar a suit for partition against the State. Partition proceedings are in rem and, although the statutes seem to address in rem jurisdiction as separate from personal jurisdiction, the case law comports with the general understanding that in rem is but one type of personal jurisdiction. Sovereign immunity is a defense to a claim of personal jurisdiction; however, rather than suing the State, petitioner here is merely seeking through a special proceeding to have what already belongs to him. A petition for partition in its initial stages is not a suit against the State such that the doctrine of sovereign immunity applies.

Appeal by petitioner from order entered 24 April 1998 by Judge James E. Ragan, III, in Pamlico County Superior Court. Heard in the Court of Appeals 21 April 1999.

*Henderson, Baxter, Alford & Taylor, P.A., by David S. Henderson, for petitioner.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Roy A. Giles, Jr., for respondent.*

LEWIS, Judge.

This case is the companion to *State v. Coastland Corp.*, 134 N.C. App. 269, —— S.E.2d —— (1999), and they are filed concurrently. Pursuant to a Supreme Court decision and a later sale of one party's interest, petitioner owned a one-fifth undivided interest and the State

owned a four-fifths undivided interest in approximately 1000 tide-water acres containing dikes, impoundments, marshes, low islands, and a few outbuildings. *See Taylor v. Johnston*, 289 N.C. 690, 224 S.E.2d 567 (1976). On 24 June 1996, Coastland Corporation, the petitioner in this case and defendant in the companion eminent domain case, filed a petition to partition the land owned jointly by it and the State. The State moved to dismiss the petition on the ground of sovereign immunity. The State then filed a complaint and a declaration of taking on 29 August 1996. On 16 September 1996 the State moved to dismiss the partition proceeding as moot since title immediately vested in the State upon filing and deposit in the eminent domain proceeding. On 27 September 1996, petitioner voluntarily dismissed its partition proceeding, but on 26 September 1997 it reinstituted partition proceedings. On 21 October 1997, the State again filed a motion to dismiss on the grounds of sovereign immunity and mootness.

The trial court granted the State's motion to dismiss and made the following conclusions of law:

2. Not being expressly mentioned in Chapter 46 as an entity against which partition proceedings may be filed, the sovereign State of North Carolina and its agencies are not bound by the provisions of Chapter 46 of the General Statutes. Had the legislature intended to waive the sovereign immunity of the State or one of its agencies with regard to partition proceedings it could have done so in plain language. It did not. There is no waiver of the State's sovereign immunity in Chapter 46 of the General Statutes.

3. Even if this Court had jurisdiction over a partition proceeding filed against the State, or an agency thereof, this action would be moot because the State lawfully acquired all right, title and interest of the Petitioner in the land in question by virtue of the eminent domain proceeding pending in Pamlico County Superior Court (96-CVS-164).

From the granting of the State's motion to dismiss, petitioner appeals. We consider first whether the partition proceeding was rendered moot by the eminent domain action and second whether sovereign immunity bars a petition for partition against the State.

[1] Petitioner contends that "[t]he State cannot moot partition by instituting a condemnation to take the property when it is not for a public purpose." Because we have determined that the taking of peti-

tioner's interest in the subject property was a proper exercise of the State's condemnation powers, *see State v. Coastland Corp.*, 134 N.C. App. 269, —— S.E.2d —— (1999), we reject petitioner's argument. The taking was proper, and because title vested immediately in the State, *see* N.C. Gen. Stat. § 136-104 (1993), the partition proceeding was rendered moot. The State could have waited until partition proceedings had been completed and condemned petitioner's undivided interest. We see no reason why the State may not exercise its eminent domain authority before the partition proceedings are completed, provided such taking is proper.

[2] Though not necessary to our decision in this case, we choose to address briefly petitioner's other argument that partition proceedings against the State are not barred by sovereign immunity. Our Courts have long recognized that partition proceedings are proceedings in rem. *See Armstrong v. Kinsell*, 164 N.C. 125, 126, 80 S.E. 235, 236 (1913); *Hinnant v. Wilder*, 122 N.C. 149, 152, 29 S.E. 221, 222 (1898). *See also Stevens v. Cecil*, 214 N.C. 217, 218, 199 S.E. 161, 162 (1938). In in rem proceedings, " 'the court already has jurisdiction of the res, . . . and the judgment has no personal force, not even for the costs, being limited to acting upon the property.' " *Stevens*, 214 N.C. at 218, 199 S.E. at 162 (quoting *Bernhardt v. Brown*, 118 N.C. 701, 705, 24 S.E. 527, 528 (1896)).

Our statutes seem to recognize personal jurisdiction as distinct from jurisdiction in rem. N.C. Gen. Stat. § 1-75.3 (1996) provides:

(b)  Personal Jurisdiction.—A court of this State having jurisdiction of the subject matter may render a judgment against a party personally only if there exists one or more of the jurisdictional grounds set forth in G.S. 1-75.4 or G.S. 1-75.7. . . .

(c)  Jurisdiction in Rem or Quasi in Rem.—A court of this State having jurisdiction of the subject matter may render a judgment in rem or quasi in rem upon a status or upon a property or other things pursuant to G.S. 1-75.8 and the judgment in such action may affect the interests in the status, property or thing of all persons served pursuant to Rule 4(k) of the Rules of Civil Procedure.

*See also* N.C. Gen. Stat. § 1-75.11 (1996). In discussing the basis for a distinction between in rem and in personam personal jurisdiction, this Court said:

[*Pennoyer v. Neff*] recognized that the states must comply with the standards of due process but perceived the requirements for jurisdiction over property as conceptually distinct from those applicable to personal jurisdiction. The mere presence of property was sufficient for *in rem* jurisdiction, whereas the presence of the defendant's person within the state was essential for *in personam* jurisdiction. These bifurcated jurisdictional standards have been maintained over the years, with the state courts exercising jurisdiction based on the presence of property in actions *in rem* and *quasi in rem* and exercising personal jurisdiction based on the presence of the person.

*Balcon, Inc. v. Sadler*, 36 N.C. App. 322, 325, 244 S.E.2d 164, 166 (1978). The U.S. Supreme Court held in *Shaffer v. Heitner*, 433 U.S. 186, 53 L. Ed. 2d 683 (1977) that the same standards of fairness and minimum contacts which govern in personam jurisdiction must apply to in rem actions. In *Shaffer*, the legal location of property in Delaware was used as a basis to assert jurisdiction over the nonresident directors and officers; the action was quasi in rem. "Where real property has some relation to the controversy, the interest of the State in realty within its borders, and the defendant's substantial relationship with the forum[,] should support jurisdiction." *Balcon* at 326, 244 S.E.2d at 167. Thus, although our statutes seem to address in rem jurisdiction as a separate type of jurisdiction from personal jurisdiction, our case law comports with the general understanding that in rem is but one type of personal jurisdiction and as such is subject to fairness and minimum contacts Constitutional safeguards.

Sovereign immunity is a defense to a claim of personal jurisdiction. *See Zimmer v. N.C. Dept. of Transportation*, 87 N.C. App. 132, 134, 360 S.E.2d 115, 116 (1987). Sovereign immunity is a common law doctrine with specific, legislatively created exceptions, *see State v. Taylor*, 322 N.C. 433, 436, 368 S.E.2d 601, 603, *reh'g denied*, 322 N.C. 838, 371 S.E.2d 284 (1988); it mandates that "[t]he State of North Carolina is immune from suit unless and until it expressly consents to be sued." *Id.* at 435, 368 S.E.2d at 602. In this case, however, petitioner is not suing the State. Petitioner merely seeks, through a "special proceeding," *see* N.C. Gen. Stat. § 46-1 (1984), to have what already belongs to him by virtue of an opinion of our own Supreme Court.

Were petitioner contesting the ownership of certain betterments to the property, as was the case in *Taylor*, the State could effectively

claim sovereign immunity. In *Taylor*, petitioner claimed betterments on a parcel of property he had occupied but which had been judicially determined to actually belong to the State. Our Supreme Court held that although the State had waived its sovereign immunity for suits involving title to land, it had not waived its immunity for suits "demanding payment for *permanent improvements* to the land over and above the value of the use and occupation of the land." *Taylor* at 435, 368 S.E.2d at 602 (emphasis in original). Petitioner here makes no demand for any such contested property; instead, petitioner seeks to have his judicially-determined ownership interest in severalty rather than jointly. Petitioner seeks not to affirmatively change ownership, but rather to rearrange ownership, to have and to hold its own part.

We do not believe that a petition for partition in its initial stage is a suit against the State such that the doctrine of sovereign immunity applies. The petitioner requests first that the lands be divided physically and second that if no division is possible the lands be sold and the money divided. We do not answer the question of whether sovereign immunity might bar partition proceedings in which the property could not be divided and would be subject to a sale. Such may indeed be a situation in which sovereign immunity would prevent petitioner from seeking a change in ownership of state-owned lands.

We reverse the trial court on this issue, dicta though it be, and hold that sovereign immunity does not bar a suit for partition against the State. *Accord, Ex rel State Park Bd. v. Tate*, 295 S.W.2d 167 (Mo. 1956). We note that to hold otherwise would allow the State to essentially seize an entire property by obtaining an undivided interest. Our concern does not affect the ultimate outcome of this case, though and the trial court's determination that the partition action is moot is affirmed.

Affirmed.

Judges TIMMONS-GOODSON and HORTON concur.